OPINION of the Court, by
Ch- J. Boyle.
This was an action of trespass and ejectment. The demise is laid in the declaration to he jointly made by the lessors of the plaintiff, as heirs of William Ward, dec’d. The appellees being admitted defendants upon entering into the common rule, pleaded not guilty, upon which issue was joined and a verdict was taken for the plaintiff, subject to the opinion of the court upon an agreed case.
It was admitted that a patent for the land in controversy issue to William Ward, who subsequently to the emanation died, leaving the lessors of the plaintiff and Jane Darland, late Jane Ward, his legitimate children and heirs at law, and that the said Jane is still living ; and it was agreed if the said Jane should have been joined with the lessors of the plaintiff, and they could not maintain their action without her, or if the defendant could take advantage of said facts disclosed by the plaintiff’s evidence on the trial by nonsuit or otherwise, that judgment should be given for the defendants ; but if the court should be of a different opinion, that judgment should be entered for the plaintiff.
*305 The court being of opinion that the law was for the defendants' gave judgment as in case of a nonsuit : from which this appeal is prosecuted.
We can see ho objection upon principle to the plaintiff maintaining the action upon the demise of the lessors, without the other coparcener having joined, nor are we aware of an}- precedent or authority opposed to the maintenance of the action.
It is true that in real actions coparceners as well as joint tenants must join and be joined ; but there is very little or no analogy in principle between an action of ejectment and a real action. Anciently an action of ejectment would only lie to recover the possession of a term for years, and the demise was laid in the declaration as it in fact existed ; and although in modern times irhas been applied to the recovery of the possession of freehold estate, by supposing a fictitious lease, entry and ouster, yet it will still lie for a term of years without the aid of such a fiction, in such a case, if there be a lease, an entry and ouster in fact, as laid in the declaration, it will only be necessary for the plaintiff, to entitle himself to a recovery, to shew that his lessor had such an estate in the premises as would enable him to make the lease. So where the fiction is substituted in place of the fact, it would seem necessarily to follow that the same kind of proof as to the estate of the lessor would be sufficient. That the lessors of the plaintiff in this case might, without joining with the other copar-cener, make a lease which would be good to the extent of their interest, we have no doubt: for it is expressly laid down that coparceners may lease either jointly o? severally — 4 Cruise’s Digest 118, and the authorities there cited. If a lease from them would be valid, it clearly results that their lessee, in case of eviction, might maintain an ejectment for his term.
That the declaration is for the whole in severalty, and the title shewn is for an undivided part only, is no objection to a recovery according to the title. .. The rule in this respect is, that the plaintiff may recover less, though he cannot recover more, than he claims by his declaration. Thus where the declaration was for a moiety, and the verdict for a third part, the plaintiff had judgment according to the verdict — 1 Burrow 330. So where the declaration was for the fourth of a fifth *306 part, and the title proven was only to a third part of a fourth part of a fifth part, which was only a third part of that which was demanded by the declaration, the court determined that the verdict might be taken according to the title-1 Sid. 239, cited in Run, upon Ejectments, 245. So it was held by this court in the case of Davis vs. Whitesides, (vol. 1, 510) that although the plaintiff declared for the whole in severalty, and proved himself entitled to an undivided moiety only, he might notwithstanding recover according to his title.
Upon the geiiera~ pr~n~pIts., ~herefre, whch oughttG govern the proceedings in ~n action of e~ctment, there can be no solid ohjcctiqn to Lh~ piaiutdi's recovery Ii~. this case.
But if the proceedings were supposed to be analogous to the proceedings in real a~ons, still we would be ol opinion that the plaintiff %vGuld be entitled to judgrnen~ upon the case agreed : for the failure in such case to join the other coparcener, would be only matter abatement, and could not be taken advantage of upon. the general issue. -
The judgment must be reversed with costs and the~ cause remanded that judgment may be entered upon the verdict for the plaintiff iñ~ that court~