# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## HUNTER v. HUME.

### June 18th, 1891.

1. LAND—*Description—General—Particular.*—Particular boundaries govern general description of land; and a false description is rejected and the instrument takes effect if a sufficient description remains to ascertain its application.
2. IDEM—*Mistakes—Correction.*—Where by plain intention of the parties, it appears that mistakes have occurred from misplacing points of compass, or leaving out lines, &c., the same will be corrected by the court.
3. IDEM—*Description by quantity.*—Quantity is regarded as the least certain mode of describing land, and hence must yield to description by boundaries and distances.
4. IDEM.—*Parol evidence* is always admissible to show the proper location of all descriptive calls, and determine if the land in dispute is embraced in the deed, and so give effect to the true intent of the parties.

Argued at Richmond. Decided at Wytheville. Error to judgment of circuit court of Alexandria county, rendered May 10th, 1890, in an action of ejectment instituted by the plaintiff in error, Hunter, against the defendant in error, Hume, to recover a parcel of land lying between the parallel lines of the Alexandria canal on the west and the Alexandria and Washington turnpike on the east.

By trust deed of October 4th, 1871, the plaintiff in error, Hunter, conveyed a part of his Abingdon plantation to a trustee, one Wattles, to secure a debt due to W. D. Mitchell. Wattles sold, under this deed, on the first day of June, 1872, and conveyed, by the deed executed by him, the land, in the identical terms used to describe it in the deed from Hunter to

him of October 4th, 1871, and, by successive alienations, this
land has passed to the defendant in error, Hume. The said
descriptive terms used in the first deed mentioned above, and
in the second deed of June 1st, 1872, having been departed
from so as to conform the descriptions in the latter deeds to
the contention of the defendant in error, Hume. And the
question is, whether the land between the western boundary of
the Alexandria canal and the Alexandria and Washington
turnpike passed by the deed of Hunter to Wattles of October,
1871, and so, through successive alienations, to the defendant
in error.

The following plat, exhibited with the record, shows the
true situation of the land:

Addison.

Line of Abingdon.

The description of this land contained in the deed of October 4th, 1871, is as follows :

" A certain tract of land situate, lying, and being in Alexandria county, Virginia, containing 280 acres, more or less, on the west side of the Washington and Alexandria turnpike, and bounded as follows : (1) On the north and west by the lands of Addison ; (2) on the south by the Alexandria canal ; (3) and on the east by the old Military road."

By consulting the plat above it will be perceived that, by the contention of both parties to this controversy, the land in question, the part of Abingdon conveyed to Wattles, is situated west of the Alexandria and Washington turpike, and is the western part of the Abingdon plantation. And it also appears that the land is included within the designated boundaries set forth in the deed, as is contended for by the appellant, Hunter. But the Alexandria canal is on the east, and not on the south, and the old Military road is on the south, and not on the east, as stated in the deed, except that the old Military road running south of the Abingdon plantation cuts off a part of the land conveyed to Wattles ; but there is no denial that this triangular piece cut off by the line of the old Military road passed under the deed of October 4th, 1871. In October, 1871, the Alexandria canal was full of water and in use, but is now abandoned.

Hunter had the land between the canal and the turnpike held by a different tenant in October, 1871, and has held it and paid taxes up to this time upon it, and claims that his purpose was to convey the land included between the particular boundaries set forth in the deed, which at that time was cut off from the residue of his plantation by the waters of the canal ; and that he conveyed the land bounded by this Alexandria canal, the old Military road, and the Addison lands, it being part of the Abingdon tract lying west of the Alexandria canal.

A jury being waived, and the whole matter of law and fact being submitted to the court, the court decided that the strip of land between the Alexandria canal and the Alexandria and

Washington turnpike, passed by the deed of October 4th, 1871, to the grantee, Wattles, and has passed by successive alienations to the defendant in error, Hume (the defendant below), and gave judgment accordingly. Whereupon the plaintiff, Hunter, applied for and obtained a writ of error to this court.

*J. K. M. Norton*, for plaintiff in error.

*S. G. Brent*, and *James R. Caton*, for defendant in error.

Lacy, J. (after stating the case), delivered the opinion of the court.

The general description in the deed in question is that the land conveyed is situated in Alexandria county, contains 280 acres, more or less, on the west side of the Washington and Alexandria turnpike. The turnpike is not stated there or elsewhere in the deed to be a boundary, but this inference is excluded by setting forth as one of the boundaries the Alexandria canal, which runs between the body of the land granted and the turnpike throughout its whole extent.

The only difficulty in the question of boundary grows out of the misplacing of the points of the compass, stating south for east and east for south. This error in description is not unusual, and has often occurred, and has often been the subject of litigation, and has been as often reformed and corrected by the courts. And when this error is corrected according to the plain intention of the parties, the Alexandria canal being put where it really is, on the east, and not on the south, where it really is not, and the old Military road being stated on the south, where it really is, and not on the east, where it is not, everything is plain.

The parties could not reasonably be held to have intended to locate the canal on the south, because it was actually on the east, and the same may be said of the old Military road. In

other words, substitute east and south, one for the other, so that the true description may appear, and we have a tract of land bounded by the lands of Addison on the north and west, and on the east by the Alexandria canal, and on the south by the old Military road, part of Abingdon, and west of the turnpike, but not bounded by the turnpike. There is nothing in the deed to indicate the turnpike as one of the boundaries; but, in fact, other and different boundaries are given, one of which excludes the turnpike as a boundary.

It is well settled that when a general description of the land intended to be conveyed is given in a deed, and also the particular boundaries, the latter are to govern; and we do not understand that this is denied by either side to this dispute. Numerous authorities are cited thereto by the learned counsel of the appellee. Tyler's Law of Boundaries, p. 130; *Thorndike* v. *Richards*, 1 Shepley's R. 430; *Woodman* v. *Lane*, 7 N. H. R. 241; *Makeplace* v. *Bancroft*, 12 Mass. R. 469; 1 Greenlf. on Ev. 301. The last-named author, speaking upon this subject, said:

" There is another class of cases so nearly allied to these (*ambiquitas patens*) as to require mention in this place—namely, those in which, upon applying the instrument to its subject-matter, it appears that, in relation to the subject, whether person or thing, the description in it is true in part, but not true in every particular. The rule in such cases is derived from the maxim, " *Falsa demonstratio non nocet, cum de corpore constat.*"

Here so much of the description as is false is rejected, and the instrument will take effect if a sufficient description remains to ascertain its application; it is essential that enough remains to show plainly the intent. .

" The rule," said Mr. Justice Parke, " is clearly settled that when there is a sufficient description set forth of premises, by giving the particular name of a close *or otherwise*, we may reject a false demonstration; but that if the premises be described in general terms, and a particular description be added, the

latter controls the former." It is not, however, because one part of the description is placed first and the other last in the sentence, but because, taking the whole together, that intention is manifest. For, indeed, it is vain to imagine one part before another; for, though words can neither be spoken nor written at once, yet the mind of the author comprehends them at once, which gives *vitam et modum* to the sentence."

And if the language of the instrument is susceptible of more than one construction, the intent of the parties, to be collected from the whole instrument, must govern, and, in order to ascertain that intent, the court may take into consideration the extrinsic circumstances authorizing the transaction, the situation of the parties, and the subject-matter of the instrument. This is the established rule of the common law. Tyler on Bound., p. 131.

The quantity of land stated in the deed appears to have fallen short in actual measurement, but that cannot alter the question of boundary as set forth in the deed. Words indicating quantity in the descriptive part of the deed, when conflicting with words of a more accurate description, yield. Quantity is regarded as the least certain mode of describing land, and hence must yield to description by boundaries and distances. *Id.*, 131.

Extrinsic evidence, it is said, is always admissible to explain the calls of a deed, for the purpose of their application to the subject-matter, and thus to give effect to the deed.

And when the true location of the land in dispute has been ascertained, parol evidence is admissible to show the proper location of all the descriptive locations and calls of the deed, to the end of determining whether or not the land in dispute passed by it, and thus give effect to the true intent of the parties. *Reamer* v. *Nesmith*, 34 Cal. R. 574; Broom's Leg. Max. 269.

These principles are well settled by the decision of this court. In the case of *Herbert and Wife* v. *Wise*, 3 Call, 242,

it was shown that such mistakes as leaving out lines, putting north for south, and east for west, were to be corrected by parol evidence of the true intent of the parties. See, also, *Shaw* v. *Clements*, 1 Call, 438; *Preston's Heirs* v. *Bowmar*, 6 Wheat. 582; *Newsom* v. *Pryor*, 7 Wheat. 10; *Elliott* v. *Horton*, 28 Gratt. 766; *Baker* v. *Seekright*, 1 H. & M. 177; *Dogan* v. *Seekright*, 4 H. & M. 125; *Pasley* v. *English*, 5 Gratt. 141.

Mr. Minor says the two rules of most general application in construing writings are (1) that they shall, if possible, be so interpreted *ut res magis valeat quam pereat*, so that they shall have some effect rather than none; and (2) that such meaning shall be given to them as may carry out and make effectual the intention of the parties. 2 Minor's Inst. 948; *Henick* v. *Hodkins*, 23 Maine, 217; *Peaseley* v. *Gee*, 19 N. H. 278; *Inge* v. *Garrett*, 38 Ind. 96; *Yoder* v. *Swope*, 3 Bibb, 304; *Gano* v. *Aldridge*, 27 Ind.; *Doe* v. *Porter*, 3 Ark., p. 18; *Jones* v. *Smith*, 72 N. Y. 205; *Faltem* v. *Sawyers*, 2 Hawkes, 296; *Bell* v. *Hickman*, 6 Henn. 398; *Koinigheim* v. *Miles*, 67 Tex. 113; *Schamvald* v. *Rosenstein*, 5 N. Y. 766.

The plaintiff in error, Hunter, conveyed the land west of the canal, and the grantee took nothing more, by the deed of October 4th, 1871, and the plaintiff was entitled to a judgment in his favor for the premises described in the declaration, and the circuit court of Alexandria county erred in rendering judgment in favor of the defendant, and the same will be reversed and annulled, and such judgment rendered here as the said circuit court ought to have rendered.

JUDGMENT REVERSED.