HIBBLE *et al. v.* MUTUAL OIL COMPANY *et al.*

382

*J. Glenn Giles* and *F. T. Wills,* for plaintiffs.

*Morris & Wallace, Wright & Covington,* and *McElreath & Scott,* for defendants.

Beck, P. J.   L. W. Hibble and others brought their petition against Mutual Oil Company, the First National Bank, a corporation of Cobb County, Georgia, the Community Oil Company, and certain other named defendants.   The petition, with the amendments thereto, alleges that the Community Oil Company, several years since, obtained the sum of $8,000 from the plaintiffs and their associates, for the purpose of erecting and installing a distributing station at Marietta for distributing and selling gasoline, oil, and other petroleum products.   The plaintiffs "turned over" to the Community Oil Company the sum stated, and that company used the fund in erecting the distributing station.   Under the contract between the parties, the plaintiffs were to be paid the one-half cent per gallon upon all petroleum products going through the station. The Community Oil Company leased the station to different parties, requiring the lessees to distribute the royalties due the plaintiffs. On or about November 1, 1925, the Community Oil Company leased the distributing station to the Mutual Oil Company, which company failed to pay the royalties required by the contract, and in the fall of 1929 was in failing circumstances.   The Community Oil Company became insolvent, and on October 19, 1929, the plaintiffs filed their suit in this case, and by amendments alleged insolvency on the part of both oil companies, and prayed for a receivership and injunction.   The court appointed a receiver, who qualified and took charge of the property.   The court also granted an injunction restraining the defendants from selling, removing, or in any way changing the status of the property involved.   Subsequently the Mutual Oil Company was adjudicated a bankrupt, and the trustee in bankruptcy, though a party to the suit for injunction, did, without any actual knowledge of the plaintiffs, sell all the property of the bankrupt in a sale at Rome, Georgia, and included in the sale

the property in controversy in Cobb superior court, and at that time in the possession and custody of the receiver appointed by the State court. During the pendency of this case the plaintiffs and their associates filed proofs of their respective claims in the bankruptcy court as creditors of the Mutual Oil Company, and claimed the right of priority of payment. The bankruptcy court denied the right of priority, but allowed the claims as general and unsecured, and plaintiffs took their dividends. When the case finally came up for trial before a jury, an intervention was filed by Wilson M. Hardy, who claimed to have purchased all the property of the Mutual Oil Company, bankrupt; and a special plea was filed on the day of the trial by the Mutual Oil Company, J. H. Keown, trustee, and Wilson M. Hardy, intervenor, which they styled a plea in abatement, insisting that after the plaintiffs had accepted dividends they were estopped from claiming the property. At the conclusion of the evidence the court directed a verdict in favor of the plaintiffs against the Community Oil Company for the sum due plaintiffs, and also in favor of plaintiffs against the bank, with which, under the contract, deposits were to be made of the one-half cent per gallon for petroleum products sold, for the amount of such funds in its hands. The verdict also contained the further finding: "We, the jury, find in favor of the defendants, Mutual Oil Company, J. H. Keown, trustee, and Wilson M. Hardy, intervenor." Plaintiffs filed their motion for a new trial. The court overruled the motion, and they excepted.

The plaintiffs insist that the distributing station, the property in question here, was impressed "with an implied trust," and contend that the case would be much simplified by deciding first whether or not the property was in fact trust property. We agree with their contention that the case will be much simplified by deciding that question first; for in our opinion it is a controlling question. Unless it is trust property and has the character, at least, of an implied trust, then under the other facts in the case, especially the part of the evidence showing that they participated in the dividends arising from the sale of the property, the court properly directed the verdict which the plaintiffs seek to have set aside. As indicated above, the plaintiffs insist that though the legal title to the property in question was in the Community Oil Company, the equitable title was in plaintiffs and their associates, and that the property is

impressed with a trust in favor of the plaintiffs; that the evidence shows that "it was the money of plaintiffs which purchased, erected, and installed the distributing station." It is true that it was with money obtained from the plaintiffs that the property was purchased, but we do not think that this fact impressed the property with the character of a trust. It is conceded that it was not an express trust. Section 3728 of the Civil Code reads as follows: "Estates may be created, not for the benefit of the grantee, but for the use of some other person. They are termed trust estates. No formal words are necessary to create such an estate. Whenever a manifest intention is exhibited that another person shall have the benefit of the property, the grantee shall be declared a trustee." And § 3731 has the following language: "Trusts are either expressed or implied." And § 3732 declares: "Express trusts are those created and manifested by agreement of the parties. Implied trusts are such as are inferred by law from the nature of the transaction, or the conduct of the parties." Of course all express trusts must be created or declared in writing. That is the provision of our statute. Sections 3735 and 3739 are as follows: "§ 3735. An implied trust is sometimes for the benefit of the grantor, or his heirs, or heirs or next of kin of a testator, and is then a resulting trust." "§ 3739. Trusts are implied—1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another."

If this property was impressed with a trust character, it was that of an implied trust. As we have seen from the statute quoted, trusts are implied whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another. This court said, in the case of *Scott* v. *Taylor*, 64 *Ga.* 506, 508: "The principle is well settled by the elementary writers, and numerous adjudicated cases, that when the purchase-money is paid by one, and the legal title taken in the name of another, the person named in the conveyance is but a trustee of him who paid the consideration. 'This rule,' says Perry on Trusts, 'has its foundation in the natural presumption, in the absence of all rebutting circumstances, that he who supplies the purchase-money intends the purchase to be for his own benefit, and not for another and that the

conveyance in the name of another is a matter of convenience and arrangement between the parties for collateral purposes, and this rule is vindicated by the experience of mankind.' This same doctrine will be found in Story's Eq. Jur., sec. 1201." And in *Cottle* v. *Harold, 72 Ga.* 830, it was said: "There is evidence that the land was bought for the firm, paid for with the money of the firm, and the title conveyed to Aaron and Isaac for the firm. If this is true, then the law implies a trust in favor of the firm; for 'whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another,' a trust is implied. Code [1882], § 2316; 54 *Ga.* 690. If this state of facts existed, then the members of the firm were the equitable owners and tenants in common, and could mortgage the land. *Pitts* v. *Bullard,* 3 *Ga.* 5, 16 [46 Am. D. 405]; *Field* v. *Jones,* 10 *Ga.* 229." Numerous other cases in which the character of implied trusts is discussed might be quoted or referred to, but it is unnecessary. Under the facts alleged in this petition, there is nothing to indicate that there was any title, legal or equitable, in the plaintiffs, or that they had any beneficial interest in the property itself. Of course they were interested in the property—had an interest to the extent that they would be paid a royalty of one-half cent per gallon for all petroleum products sold; but this did not give them an interest in the property itself that could be held and declared to be an implied trust. The plaintiffs having no such interest in the property as to authorize the court to hold that their interest amounted to an implied trust, when the property was sold by the trustee in bankruptcy and the plaintiffs took their part of the dividends arising from that sale, they did not have the right to the injunction sought in this case. The judgment of the court below is *Affirmed. All the Justices concur.*