BROUGHTON *v.* THE STATE.

No. 12424. September 15, 1938.

*Watts Powell* and *Roy B. Frieden,* for plaintiff in error.

*M. J. Yeomans,* attorney-general, *Allan C. Garden,* solicitor-general, *Harvey L. Jay, E. J. Clower,* and *E. G. Arnall,* contra.

Grice, Justice. Robert Broughton was tried for murder, and convicted, with a recommendation. His motion for new trial was overruled, and he excepted. The brief of evidence was not brought to this court, the bill of exceptions reciting that "the plaintiff in error is quiescent in respect to the so-called general grounds." He insists, however, on three special grounds of his motion.

 The first complaint is that the judge permitted the jury, on their retirement immediately following his charge, to take with them the indictment, he having charged them: "You will have this indictment out with you, and you will have a right to read it and see the allegations as therein made and contained." Immediately afterward he further instructed the jury as follows: "To this charge on the part of the State as contained in this indictment the defendant has entered his plea of not guilty, and that makes the issue that you are to try." The plea of not guilty was written on the same paper that contained the indictment. It is insisted that the action of the judge in permitting the jury to have in their rooms the indictment, and telling them that they had the right to read it, was calculated to prejudice the rights of the defendant. The indictment and the plea of not guilty constituted the pleadings. In civil cases, grounds of motions containing recitals similar to this as to sending the pleadings out with the jury, and charging them that they might read them, have been held to be without merit. *Central of Ga. Ry. Co.* v. *McKinney,* 118 *Ga.* 535 (45 S. E. 430); *Jones* v. *McElroy,* 134 *Ga.* 857 (68 S. E. 729, 137 Am.

St. R. 276); *Woodward* v. *Fuller,* 145 *Ga.* 252 (88 S. E. 974). If the precise point here made has ever been passed on by this court, we have been unable to find it; but we can perceive no reason why the rule should be different in criminal from what it is with respect to civil cases. We can see no harm in the practice. We believe it to be an accepted and established custom, in the trial of criminal cases in this State, to send the indictment out with the jury when they enter upon their deliberations. A practice, hoary with age, acquiesced in for a time whereof the memory of man runneth not to the contrary, must be the law. In Black's Law of Judicial Precedents, 2, it is said that "there may also be negative precedents. That is to say, the fact that no such action has ever been taken in the past, though occasions or opportunities for it may often have arisen, is an argument against the propriety of its now being taken." This is but another way of declaring that "What never has been decided ought never to be decided." It has never been decided, so far as we can learn, that it was error in a criminal case to state to the jury that the indictment containing the charge against the prisoner would be sent to the jury room, and that they were at liberty to read it; and we apprehend it never will be so decided.

■ One ground of the motion complains of the following charges: (1) "In all criminal trials the prisoner shall have the right to make to the court and jury such statement in the case as he deems proper in his defense. This statement shall not be made under oath, and shall have such force only as the jury thinks right to give it. They may believe it in preference to the sworn testimony in the case." (2) "The responsibility of finding the truth of the issues in this case rests upon you; that is why you are here, why you are impaneled, what you are impaneled to do; you are to determine that from the evidence, giving to the defendant's statement such weight and credit as you think it is entitled." The excerpt first quoted was given near the beginning of the judge's charge, and the second excerpt was given in the end of the charge. Both are correct statements of law, and should properly be given in the trial of criminal cases. The first excerpt is couched in practically the same language as the statutory provision which gives to the defendant a right to make a statement in his own behalf, and defines the weight and credit to be given to it. Code,

§ 38-415. In one of its earlier cases this court held that, generally speaking, the appropriate charge on the effect of the prisoner's statement is to apprise the jury in the language of the statute that the statement is to have such force only as they think right to give it. *Brown* v. *State,* 60 *Ga.* 210. See *Bone* v. *State,* 86 *Ga.* 108, 118 (12 S. E. 205) ; *Ozburn* v. *State,* 87 *Ga.* 173 (13 S. E. 247) ; *Morgan* v. *State,* 119 *Ga.* 566 (46 S. E. 836) ; *Strickland* v. *State,* 115 *Ga.* 222 (41 S. E. 713) ; *Glover* v. *State,* 137 *Ga.* 82 (72 S. E. 926) ; *Millen* v. *State,* 175 *Ga.* 283 (165 S. E. 226). It has been held that it would be better, in charging on the effect to be given to the statement of the accused, to follow the statute and there leave the matter. *Caesar* v. *State,* 127 *Ga.* 710 (57 S. E. 66). "In charging the jury on the effect of the prisoner's statement, nothing is better to be used than the language of the statute." *Brown* v. *State,* 60 *Ga.* 210; *O'Connor* v. *State,* 64 *Ga.* 125, 127 (37 Am. R. 58). See also *Taylor* v. *State,* 132 *Ga.* 235 (1-*a*) (63 S. E. 1116) ; *Washington* v. *State,* 136 *Ga.* 66 (20) (70 S. E. 797). It is contended that the judge should have instructed the jury that they could believe the statement of the defendant in part and disbelieve it in part, and that such omission entitles him to a new trial. This question has been before this court and has been decided adversely to the contentions of the plaintiff in error. *Howell* v. *State,* 124 *Ga.* 698 (8) (52 S. E. 649). See *Suple* v. *State,* 133 *Ga.* 601 (2) (66 S. E. 919). This ground shows no reason for reversal.

■ It is next insisted that the trial court, after stating that the responsibility of finding the truth of the issues in the case rested on the jury, erred in adding that they were "to determine that from the evidence, giving to the defendant's statement such weight and credit as you think it is entitled," because there was no reference anywhere in the charge to the documentary evidence, and that this instruction practically excluded from the jury's consideration a diagram which had been admitted in evidence. There is no merit in this contention.

■ Finally it is said that there should be a new trial because the jury was attended by C. R. Kirkland, who was acting as a sworn bailiff, he, Kirkland, being then and there a justice of the peace of the militia district wherein the alleged homicide occurred. It appears from a recital in the motion that "C. R. Kirkland . .

was acting as sworn bailiff in connection with said jury, . . having been sworn as a bailiff at the opening of court and having served as such during the term." Our statute provides that the sheriff shall have the right to select such bailiffs, with the approval of the court, as may be necessary to properly transact the business of the court; and further, that whenever the public interest may require it, the judge may appoint such additional bailiffs as to him may seem necessary. Code, § 24-3351. Another section of the Code sets out the oath which shall be administered to court bailiffs. § 24-3201. There is no complaint here of any misconduct of the officer, and this ground of the motion presents no reason for setting aside the verdict.

*Judgment affirmed. All the Justices concur.*