### 26691. SALEM v. THE STATE.

NICHOLS, Justice. The defendant was indicted, tried and convicted of two charges of robbery with an offensive weapon. A motion for new trial was thereafter overruled and the present appeal filed. *Held:*

1. One enumeration of error raises questions as to the validity of the indictments since they both allegedly grew out of the same transaction, to wit: robbery by use of an offensive weapon of two persons at the same time.

"A defendant may be tried for separate and distinct offenses at the same time with his consent. *Morris v. Aderhold,* 201 Ga. 533, 534 (40 SE2d 747); *Sides v. State,* 213 Ga. 482, 485 (99 SE2d 884). When a defendant joins issue on separate indictments in a consolidated trial and proceeds to sentence, as in this case, without objection he

is deemed to have consented to such procedure. See *Gilbert v. State,* 65 Ga. 449, 451; *Swain v. State,* 162 Ga. 777 (6) (135 SE 187)." *McGill v. State,* 226 Ga. 802 (1) (177 SE2d 675).

No question was raised prior to joining issue and this enumeration of error is without merit, but as to validity of multiple indictments under such circumstances see *Gully v. State,* 116 Ga. 527 (42 SE 790), and citations.

2. A motion to suppress certain evidence was made prior to trial and upon the hearing of such issue evidence was adduced that the defendant's automobile was being operated in Dade County, Florida, when it was stopped as a result of a traffic violation and the operator (not the defendant) placed under arrest. The automobile did not have a valid inspection sticker and was impounded for such reason as well as because the non-owner operator was arrested. Part of one of the fenders had been repainted and was a different finish from the remainder of the automobile. While the vehicle was impounded a visual examination of the exterior of the automobile disclosed the evidence that the repainted fender had "pockmarks" and as a result part of the fender was removed. The evidence sought to be suppressed was the testimony with reference to the "pockmarks" in the fender.

No contention is made that the arrest of the operator of the automobile was illegal or that the impounding was illegal. The evidence obtained was visible on the exterior of the automobile and the trial court did not err in overruling the motion to suppress such evidence. Compare *Tanner v. State,* 114 Ga. App. 35 (150 SE2d 189); *Crider v. State,* 114 Ga. App. 523 (151 SE2d 792), and citations.

Nor did the trial court err in admitting testimony with reference to such evidence on the trial of the case.

3. It is well settled that while evidence may be subject to objection yet if no objection is made in the trial court, or if the only objection made is not good, no reversible error is committed by the trial court in allowing the evidence

to be submitted. See *Hamilton v. State,* 169 Ga. 613 (1) (151 SE 17); *Meeks v. Meeks,* 209 Ga. 588 (1) (74 SE2d 861).

Accordingly, those enumerations of error complaining of the admission of evidence where no objection was made on the trial of the case present nothing for decision, nor do the enumerations of error complaining of the statement made by a co-indictee of the defendant in the presence of the defendant as being hearsay show reversible error where the evidence was admitted not as evidence of the fact testified to but only as evidence that the statement made by the co-indictee was made in the presence of the defendant.

4. Any alleged error in admitting into evidence a known sample of the defendant's handwriting over objection.was harmless, if error, in view of the fact that other known samples of his handwriting were admitted without objection.

5. It has always been the practice in this State to permit the jury to have in their room the indictment in a criminal case. *Broughton v. State,* 186 Ga. 588 (1) (199 SE 111, 120 ALR 460).

Where a former verdict appears upon the indictment the better practice is to cover, erase or in some way conceal the former verdict so that the jury cannot know what the former verdict was. Compare *Ga. Pacific R. Co. v. Dooley,* 86 Ga. 294, 300 (12 SE 923, 12 LRA 342). Where, however, as in the present case there was no request to conceal the former verdict (involving the co-indictee) and the jury was instructed not to consider such verdict, it was not error to permit the indictment with the former verdict written thereon to go to the jury room with the jury.

6. The evidence, including eyewitness identification of the defendant, authorized the verdict and the trial court did not err in overruling the defendant's motion for new trial on the usual general grounds.

*Judgment affirmed. All the Justices concur.*

Argued September 14, 1971—Decided October 8, 1971.

*Sharpe, Sharpe, Hartley & Newton, T. Malone Sharpe,* for appellant.

*Robert W. Reynolds, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellee.