## 31708. WILLIAMS v. THE STATE.

NICHOLS, Chief Justice.

Appellant was indicted for kidnapping with bodily harm, aggravated assault, motor vehicle theft and simple battery. The jury found appellant guilty on all counts; his motion for new trial was overruled and he appeals.

1. The first enumeration of error contends the trial court erred in not requiring the court reporter to record the voir dire examination. The state waived the death penalty before the voir dire began. The appellant made no request to have the voir dire transcribed nor is any error alleged to have occurred in the jury selection process.

Absent any assignment of error that would require review of the jury selection process, the failure to record the voir dire shows no harm to this appellant.

2. The second enumeration of error contends it was error for the trial court not to declare a mistrial because of the victim's testimony relating statements made by appellant during the criminal enterprise. Counsel for appellant made no objection to this testimony nor did he make a motion for mistrial.

"It is well settled that while evidence may be subject to objection yet if no objection is made in the trial court, or

if the only objection made is not good, no reversible error is committed by the trial court in allowing the evidence to be submitted. See *Hamilton v. State,* 169 Ga. 613 (1) (151 SE 17); *Meeks v. Meeks,* 209 Ga. 588 (1) (74 S. E. 2d 861)." *Salem v. State,* 228 Ga. 186 (3) (184 SE2d 650) (1971). There is no merit in this enumeration of error.

3. The third enumeration of error contends it was error to admit in evidence the defendant's statement made several hours after his arrest. The trial court conducted a Jackson-Denno hearing and found appellant had signed an acknowledgment of his constitutional rights and waiver of counsel before making such statement. After the statement was reduced to writing, the appellant refused to sign it. The appellant did not testify on the hearing on voluntariness, but testified later in his defense that he did not understand the rights that were explained to him and that one of the officers beat him in order to obtain the statement. The state, in rebuttal, called the officer who appellant said beat him and also a GBI agent and a state trooper who were present at the time the statement was given. Each testified that the statement was given freely and voluntarily. The trial court also fully charged the jury that they must find that the appellant was advised of his constitutional rights and that the statement was freely and voluntarily given before they could consider the statement. The admission of the statement shows no error.

4. The fourth enumeration of error contends it was error to allow the jury to disperse overnight after final argument by both sides but before the charge of the court. This enumeration shows no error. *Brinks v. State,* 232 Ga. 13 (7) (205 SE2d 247) (1974).

5. The fifth enumeration of error contends the charge on circumstantial evidence was error inasmuch as there was no circumstantial evidence introduced. There were facts in evidence from which other facts could be inferred, and it was not error to charge on circumstantial evidence. Code § 38-102.

6. The sixth enumeration of error contends it was error to require the jury to resume deliberation after it had returned a verdict of guilty on the kidnapping count to find whether there was bodily harm as charged in the

indictment.

Kidnapping and kidnapping with bodily harm carry different penalties and the verdict was incomplete as first returned. The trial court did not err in requiring the jury to complete their verdict.

7. The eighth enumeration of error contends the verdict of the jury was contrary to the law and evidence. We have reviewed the record in this appeal and conclude the evidence was sufficient to sustain the conviction for kidnapping with bodily harm and motor vehicle theft. However, the aggravated assault and simple battery convictions were included in the offense of kidnapping with bodily harm as a matter of fact. Compare *Allen v. State,* 233 Ga. 200 (3) (210 SE2d 680) (1974). The trial court is directed to vacate the convictions and sentences for aggravated assault and simple battery.

8. The sole remaining enumeration of error complains of the introduction of prior convictions when appellant was not represented by counsel. Five former convictions were introduced before the trial judge on the sentencing hearing. Two were felony convictions obtained when appellant was represented by counsel, and the three remaining offenses were traffic-related offenses and appellant was not represented by counsel. The convictions for the aggravated assault and simple battery charges have been vacated and appellant has been sentenced to the minimum sentence as provided for in Code Ann. §§ 26-1311 and 26-1813 on the two remaining convictions. There was no enhancement of punishment and the introduction of the three counsel-less misdemeanor convictions, if error, would be harmless.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Hill, J., who concurs specially.*

Submitted November 19, 1976 — Decided January 4, 1977 — Rehearing denied January 27, 1977.

*E. Kontz Bennett, Jr.,* for appellant.

*Dewey Hayes, District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.

HILL, Justice, concurring specially.

The eighth division of the majority opinion finds that there was no enhancement of punishment because the defendant received the minimum sentences for kidnapping with bodily harm and motor vehicle theft. The court set the minimum sentences to be served consecutively and made no provision for probation. Thus, it is not an irresistible conclusion that defendant received the minimum sentence for his convictions.

However, the transcript of the presentence hearing reveals that when asked by the court, defendant responded that he had no objection to introduction into evidence of these prior convictions. The burden of proof that prior convictions are inadmissible under Burgett v. Texas, 389 U. S. 109 (88 SC 258, 19 LE2d 319) (1967), is initially on the party who would have the evidence excluded. Wilson v. United States, 504 F2d 59 (6th Cir. 1974); Losieau v. Sigler, 406 F2d 795 (8th Cir. 1969). See Loper v. Beto, 405 U. S. 473 (92 SC 1014, 31 LE2d 374) (1972), and Dorman v. United States, 419 U. S. 945 (5 SC 214, 42 LE2d 168) (1974), Douglas, J., dissenting. Here there was no attempt by defendant at the hearing to show that the prior convictions should not be admitted. Therefore, consideration of the prior convictions was not error.