36567. JOHNSON v. THE STATE.

MARSHALL, Justice.

The appellant's convictions of murder, rape, kidnapping and aggravated assault, and his sentences, including a death sentence for the murder, were affirmed by this court in *Johnson v. State,* 242 Ga. 649 (250 SE2d 394) (1978). The present appeal is from the order denying his "extraordinary motion for extraordinary relief," which motion was predicated on the allegedly newly discovered evidence that his murder indictment had gone into the jury room with the not guilty plea and verdict of his co-indictee[1] masked. Even if this nonexistent appellate remedy be treated as an extraordinary motion for new trial, it is not shown that this is evidence that is newly discovered. Moreover, even if it was "newly discovered evidence," the motion showed no harmful error.

The general rule in this state is that where a former verdict (as involving a co-indictee) appears upon the indictment, the better practice is to cover, erase or in some way conceal the former verdict from the jury, but that this is a right which can be waived by failure to request it, and, in such event, there is no reversible error where the jury is instructed not to consider such verdict. See *Smalls v. State,* 105 Ga. 669 (6) (31 SE 571) (1898) (a murder case); *Corbin v. State,* 212 Ga. 231 (2) (91 SE2d 764) (1956) (a death case); *Salem v. State,* 228 Ga. 186, 188 (5) (184 SE2d 650) (1971); *Riggins v. Stynchcombe,* 231 Ga. 589, 593 (203 SE2d 208) (1974); *Bostick v. Ricketts,* 236 Ga. 304 (1) (223 SE2d 686) (1976); *Page v. State,* 120 Ga. App. 709 (1) (172 SE2d 207) (1969); *Chandler v. State,* 143 Ga. App. 608, 610 (6) (239 SE2d 158) (1977); *Lockett v. State,* 153 Ga. App. 569, 571 (3) (266 SE2d 236) (1980).

The appellant urges several reasons for not applying this rule in his case, in which no request for concealment was made. He contends that it should not apply in a death case, yet it was so applied in *Corbin v. State,* 212 Ga. 231, supra, a death case. With mandatory review by

---

[1]See *Sprouse v. State,* 242 Ga. 831 (252 SE2d 173) (1979).

this court in death cases, no reason appears for an exception in such cases.

He urges a distinction in *Corbin* in that the former verdict there was *completely* sealed by a *cardboard* stapled over it, whereas in the present case the former verdict was covered merely by *paper,* which allegedly could be held up to the light and read through, and was stapled only on the *sides,* allegedly permitting the jurors to peek under the paper from the top or the bottom. In the first place, the appellant could be deemed to have waived *any* concealment of the former verdict by failure to timely object. In the second place, a number of the trial jurors testified at the hearing on the present motion that they had not seen the former verdict, and had considered only the evidence presented at trial. In view of this, the appellant's complaint that the judge failed to instruct the jury to disregard the former verdict is meritless, since such an instruction would have served only to call the jury's attention to the very thing that was being sought to be concealed from them.

It not appearing that any harmful error resulted from the sending of the indictment out with the jury, it was not error to deny the "extraordinary motion for extraordinary relief."

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 8, 1980 — DECIDED SEPTEMBER 16, 1980 — REHEARING DENIED OCTOBER 3, 1980.

*Stephen H. Harris,* for appellant.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.