## 61858. FLOWERS v. THE STATE.

POPE, Judge.

Appellant and two others were indicted jointly for the armed robbery of a convenience store. The appellant was convicted at trial and sentenced to five years in confinement and five years on probation. Appellant enumerates as error the trial court's submission to the jury of the indictment reflecting the plea of guilty previously entered by one of his co-indictees. The trial counsel for appellant did not examine the indictment or object to any extraneous matter contained in the indictment before its submission to the jury. Appellant's counsel indicated by affidavit that some time after the trial, a juror on the case informed him that the indictment contained

the plea of guilty entered by the co-indictee and that such fact had been discussed by the jurors.

Appellant contends that, despite the fact that no objection was made, the court's failure to keep the indictment from the jury mandates a reversal of the conviction. The Supreme Court in *Salem v. State,* 228 Ga. 186 (5) (184 SE2d 650) (1975), held that where no request had been made to conceal a verdict involving a co-indictee and the jury had been instructed not to consider such verdict, it was not error to permit the indictment, with the former verdict written thereon, to go to the jury room with the jury. In the present case trial counsel did not review the indictment to assure that it was in proper form and made no objection upon its submission to the jury. In our view, appellant waived any concealment of the objectionable portions of the indictment by his failure to timely object. *Johnson v. State,* 246 Ga. 474 (271 SE2d 789) (1980); *Bostick v. Ricketts,* 236 Ga. 304 (1) (223 SE2d 686) (1976); *Lockett v. State,* 153 Ga. App. 569 (3) (266 SE2d 236) (1980). Furthermore, even though the trial court in this case did not specifically instruct the jury to disregard the extraneous guilty plea written on the indictment, the jury was instructed that the indictment was not evidence and was not to be considered by them as evidence in the case. In any event, trial counsel's affidavit in support of appellant's motion for new trial was inadmissible as tending to impeach the verdict. *Central of Ga. R. Co. v. Nash,* 150 Ga. App. 68 (3) (256 SE2d 619) (1979); Code Ann. § 110-109.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 11, 1981.

*Bobby Lee Cook,* for appellant.
*Stephen A. Williams, District Attorney, Marcus Morris, Assistant District Attorney,* for appellee.