A97A2372. HOLMES v. THE STATE.
(494 SE2d 560)

RUFFIN, Judge.

A jury found Deshawn Holmes guilty of kidnapping with bodily injury and battery. The trial court sentenced Holmes to life on the kidnapping with bodily injury conviction and 12 months to run concurrently on the battery conviction. Holmes appeals, asserting that the battery was included in the kidnapping with bodily injury offense as a matter of fact. We agree and therefore reverse Holmes' conviction and sentence for battery.

Viewed in a light most favorable to uphold the jury's verdict, the evidence at trial showed that on the evening of the incident giving rise to the prosecution, Holmes and other individuals, including the victim, were drinking and playing cards at Sharon Williams' apartment. After the victim left the apartment, someone noticed a music compact disc was missing. Holmes and three others suspected the victim took the disc and went after him. After finding the victim, Holmes and his companions brought him back to Williams' apartment. When the victim denied he took the disc, Holmes and the others took him into the bathroom, searched him and began beating him. The victim was eventually taken outside and shot to death by one of Holmes' companions.

Holmes contends that under these facts he cannot be convicted and sentenced for both kidnapping with bodily injury and battery. The State does not dispute this contention, and we also agree. "Applying the 'actual evidence' test of our substantive double jeopardy provisions, see OCGA §§ 16-1-7 (a), 16-1-6, we find that [Holmes'] conviction for [battery] must be set aside. The 'actual evi-

dence' test, in effect, means that if the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6 (1)." (Citations and punctuation omitted.) *Montes v. State*, 262 Ga. 473, 474 (1) (421 SE2d 710) (1992).

In this case the evidence used to prove Holmes perpetrated the battery of the victim — that he beat him in Williams' bathroom — was used to establish that Holmes injured the victim during the commission of the kidnapping. Accordingly, the battery was included in the offense of kidnapping with bodily injury as a matter of fact. See id.; *Williams v. State*, 238 Ga. 244 (7) (232 SE2d 238) (1977). Thus, Holmes' conviction and sentence for battery must be reversed, and the trial court is directed to vacate the conviction and sentence for this offense. See id.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 4, 1997.

*M. Ross Beckton, Jr.*, for appellant.

*Spencer Lawton, Jr., District Attorney, Thomas M. Cerbone, Assistant District Attorney*, for appellee.