## 54508. GIBSON v. THE STATE.

WEBB, Judge.

Leonard Gibson was convicted of motor vehicle theft and enumerates error upon the denial of a motion for continuance, a charge to the jury on conspiracy, and the overruling of his motion for new trial on the general grounds.

At trial Kenneth Lee testified that he had parked his 1971 Vega automobile on "Faculty Hill" in Dahlonega between 8:30 and 9 p.m. on April 15, and that it was stolen sometime during the night by "popping the switch," a procedure by which the ignition switch may be disabled and turned without the ignition key.

A Hall County law enforcement officer testified that at approximately 9 or 9:15 that night he and another officer were in their patrol car at the Hall-Lumpkin County line; that as they were coming out onto Highway 60, which is the Dahlonega-Gainesville highway, they saw the Vega and a black and yellow Ford traveling south toward Gainesville at a high rate of speed; that they attempted to stop both vehicles, but when the siren and blue lights were turned on, the Vega, which was the lead vehicle, sped away; that they gave chase and reached speeds in excess of 90 m.p.h. down Highway 60, sparks flying from underneath the Vega; that they called ahead on the radio and had a roadblock set up at Thompson Bridge, and when they reached it the Vega ran off the road

and stopped, whereupon Gibson ran out of the car through the woods and hid himself "up to his eyeballs" in the waters of Lake Lanier.[1]

The officer proved to be "The Compleat Angler,"[2] however, as he fished Gibson out in the dark and placed him under arrest for the traffic violations. It was subsequently ascertained that the car was stolen, and the instant trial for motor vehicle theft ensued. Gibson testified in his own behalf that two friends asked him to go to Dahlonega in the black and yellow Ford to drive the Vega back to Gainesville; that he did not know why one of them could not have driven it; "I asked them was it stole, the first thing I asked them"; he asked them once or twice more and was told it was not stolen; that he entered the Vega and started the engine by turning the ignition switch without benefit of the key, although he claimed he did not know the switch had been "popped"; and that he fled from the officers the way he did because he was without his driver's license and was on probation.

The jury chose not to believe Gibson's claim of innocence, and the guilty verdict resulted.

1. Gibson's counsel was appointed on a Friday morning, he conferred with defendant that afternoon, and at 10:30 a.m. the following Monday moved for a continuance on the ground that he had not had sufficient time to prepare a defense. The prosecutor responded that Lee, the prosecuting witness, was out of school and that he had planned to try this case first in order to "get the boy back into school." The court ascertained that all the state's witnesses were present and postponed the trial until 1:30 that afternoon to allow counsel additional time to talk with the witnesses. When the case was called at

---

[1] The uppermost impoundment on the Chattahoochee River, and named after the poet Sidney Lanier ("Song of the Chattahoochee") the lake is acclaimed as the most-visited Corps of Engineers lake in the nation, denounced as the most difficult to fish, but touted as being only 35 miles from Atlanta, reputedly the inland boating capital of the world.

[2] Izaak Walton, 1593-1683.

1:30 counsel renewed his motion for continuance "on the basis that I have not had adequate time to sufficiently prepare for the defense at this particular time."

We find insufficient cause for reversal. There were only two witnesses for the state, they were made available to counsel, and their knowledge of the facts was vastly uncomplicated, as was the trial itself. In the absence of any showing before the trial court as to why the three-hour postponement was insufficient, we will not hold that the trial court's discretion was abused. *Hall v. State,* 213 Ga. 557 (1) (100 SE2d 176) (1957); *Morgan v. State,* 224 Ga. 604 (1) (163 SE2d 690) (1968). Compare *Forehand v. State,* 130 Ga. App. 801 (204 SE2d 516) (1974), where such a showing was made.

2. The jury was authorized to reject Gibson's explanation of his participation in this occurrence, and the charge on conspiracy and the guilty verdict were both justified. Cf. *McGinty v. State,* 134 Ga. App. 399 (1) (214 SE2d 678) (1975); *Pounds v. State,* 136 Ga. App. 852 (1) (222 SE2d 629) (1975).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

SUBMITTED SEPTEMBER 8, 1977 — DECIDED SEPTEMBER 20, 1977—
REHEARING DENIED OCTOBER 12, 1977.

*Andrews & Myers, W. Allan Myers,* for appellant.
*Jeff C. Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.