## 58236. TURNER v. THE STATE.

UNDERWOOD, Judge.

Appellant Turner was convicted of burglary in the Superior Court of Fulton County and received a sentence of five years. He made a motion for a new trial which was overruled; he appeals on the general grounds and we affirm.

The jury heard evidence that in the early afternoon of February 20, 1978, an off-duty Roswell policeman, Sergeant Bruce, was driving to his residence when he noticed a strange car in the driveway of his neighbor, Mrs. Erwin, whom he knew was not at home. He called the Roswell Police Station and requested that a patrol car check the Erwin residence and then waited across the street from the Erwin house for the patrol car to arrive. At about the same time the patrol car arrived, Sergeant Bruce observed Turner walk from the carport. Turner told the police that he was the yardman, although he was not able to identify the owner of the residence. Sergeant Bruce entered the house through the carport door, which was open, and found some dresser drawers which had been pulled open. He also found a partially opened sliding glass basement window at the rear of the house where some flowers had been knocked from the windowsill to the basement floor.

Mrs. Erwin was called to her home by police and reported that nothing was missing but confirmed that two dresser drawers had been opened. She testified that she did not know Turner and had not asked him to report to her house for yard work. Turner testified that his car overheated and he pulled into the driveway for the purpose of getting water to put into his car. He further testified that he was in the process of leaving a note on the door advising of his availability to do yard work. Sergeant Bruce testified that Turner's car was backed up to the carport and that the trunk was open.

The evidence upon which Turner was convicted is circumstantial. However, the weight of the evidence and credibility of witnesses are matters to be determined by the jury. *Tam v. Newsome,* 141 Ga. App. 76 (232 SE2d 613) (1977); *Kirkland v. Moore,* 128 Ga. App. 34, 35 (195 SE2d 667) (1973), and the jury was authorized to reject Turner's explanation of why he was present at Mrs. Erwin's house. *Gibson v. State,* 143 Ga. App. 467, 469 (238 SE2d 562) (1977). No error in the trial has been shown, and after a review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of Turner beyond a reasonable doubt. Jackson v. Virginia, —- U. S. —- (99 SC —-, 61 LE2d 560).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JULY 12, 1979 — DECIDED
SEPTEMBER 4, 1979.

*H. Hutchinson, Vernon S. Pitts, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Isaac Genrette, Assistant District Attorneys,* for appellee.