60292. TRUITT v. THE STATE.

BIRDSONG, Judge.

Truitt was convicted of involuntary manslaughter, the jury having been charged as to murder and as to involuntary manslaughter under Code Ann. § 26-1103 (a), that "a person commits involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so, by the commission of an unlawful act other than a felony." The appellant's testimony is consistent with all other testimony and reveals that the deceased and other friends came to visit appellant; that they were drinking heavily and engaging in noisy hi-jinks in appellant's front yard, whereupon appellant called to them to come inside and stop disturbing his neighbors. Once inside, appellant and the group drank still more and again became vociferous in social intercourse, whereupon appellant warned the guests to quiet down. He was not aggravated or angry but, deciding to facilitate matters, he went to his bedroom and got his pistol, returned to the living room and "went up" with the pistol to shoot at the ceiling. He thought if he fired at the ceiling his guests would quiet down; he aimed at the ceiling and not at any of his guests; he did not know he had shot Willie Clyde Milsap, who was sitting on the sofa. While the others immediately remonstrated that Mr. Milsap had been shot and was dead, appellant at first thought Milsap was "jiving." He and Milsap were friends; they were soon to be in-laws; he testified he liked Milsap very much and would not have hurt him for the world. Appellant's reputation in the community was good and he was generally a quiet man. On appeal of his conviction for involuntary manslaughter, appellant enumerates nine errors. *Held:*

In six enumerations, appellant complains that the trial court erred in charging the offense of murder; and erroneously failed to charge lawful act-unlawful manner involuntary manslaughter (Code Ann. § 26-1103 (b)), failed to instruct what would constitute unlawful acts on the part of appellant, failed to instruct what would constitute unlawful acts other than a felony, failed to instruct what constitutes a felony, and failed to charge as requested that if Truitt discharged the pistol accidentally and before he intended to discharge it, he would not be guilty of discharging a pistol.

It is of no moment whether the court erred in charging murder,

since the jury did not find murder in any case and therefore such alleged error did not contribute to the verdict and would be harmless. Inasmuch as the firing of the pistol was not a lawful act, under the evidence, appellant was not entitled to a charge of lawful act-unlawful manner involuntary manslaughter. It would therefore have been pointless misdirection to instruct what acts might or might not constitute the same, nor should appellant complain that the jury was not allowed to consider whether appellant's unlawful act constituted a felony. In any case, appellant made no such requests to charge and did not except to the charge as given. *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354). As to the requested charge that appellant would not be guilty of discharging a pistol if the jury found he did so accidentally and before he intended for the pistol to discharge, the evidence is that appellant intended for the pistol to discharge and therefore the requested charge is decidedly bad law; and moreover, the trial court fully charged the principles of misfortune or accident. The jury's verdict in this case is supported by the evidence and therefore we will not reverse the case on the basis of the charge.

For the same reason, we find that the evidence wholly supports the verdict rendered and therefore appellant was not entitled to a directed verdict of acquittal or a new trial on general grounds. *Allen v. State*, 137 Ga. App. 302, 303 (223 SE2d 495). Admission of a photograph of the deceased into evidence was likewise not error. *Moses v. State*, 245 Ga. 180, 187 (263 SE2d 916).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED JULY 8, 1980 — DECIDED SEPTEMBER 29, 1980 — REHEARING DENIED OCTOBER 21, 1980 —

*William F. Lozier*, for appellant.
*Randall Peek, District Attorney*, for appellee.