62243. JORDAN v. THE STATE.

BIRDSONG, Judge.

Appellant was convicted of violation of the Georgia Controlled Substances Act by sale of marijuana. On appeal his sole enumeration of error is based on the general grounds. *Held:*

The undercover police officer who purchased $105 worth of marijuana from appellant made a positive in-court identification of the appellant. The sergeant in charge of the investigation testified that a week prior to the purchase, he received information that a man named "Shorty" was selling drugs from a certain store. This sergeant went with the undercover police officer to the store address and waited outside while the officer went in to make the "buy." Shortly

thereafter the police officer emerged, said the deal had "gone down" and showed the sergeant the three bags of marijuana he had purchased. The appellant testified that he operated a furniture repair and refinishing business at that store address, but denied that he had been in the store at the time of the purchase and denied that he had sold marijuana to the police officer. A defense alibi witness testified that at the pertinent time the appellant was at her house installing a cabinet and showed a contract for that service bearing the same date. The evidence showed, however, that this witness' address was the same address as appellant gave on his bond as his own residence, and that the witness had a child by the appellant.

On appeals from findings of guilt, the presumption of innocence no longer prevails. The jury has determined the credibility of the witnesses and has been convinced of the appellant's guilt beyond a reasonable doubt. Appellate courts review the evidence only to determine whether a reasonable trier of fact could rationally have found in the evidence proof of guilt beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171); and see *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131). According to this standard, we do not find that the evidence is insufficient to support the verdict as claimed by the appellant.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 5, 1981 —

*Murray M. Silver,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Tom Hays, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.