## 63402. WILLIAMS v. THE STATE.

McMURRAY, Presiding Judge.

The defendant Williams, along with others, was indicted for the offense of armed robbery (two counts), aggravated assault upon a peace officer (two counts) and aggravated assault (one count). Defendant Williams was tried separately and convicted on all counts. He was sentenced to serve a term of life as to Count 1, life as to Count 2, to be served concurrently with Count 1, 20 years as to Count 3, to run consecutively to the sentence in Count 1, 20 years as to Count 4, to run concurrently with the sentence in Count 3, and 5 years as to Count 5, to run consecutively to the sentence in Count 3. Defendant appeals. *Held:*

1. The first enumeration of error is that the evidence was insufficient to support a verdict of guilty of armed robbery of a restaurant in taking money from the immediate presence of the manager and thereafter as to the armed robbery of the police officer in taking a revolver from him; both by the use of an offensive weapon. It is noted here that no enumeration of error is made with reference to the sufficiency of the evidence as to the offenses of aggravated assault upon the two police officers or as to the fifth count of aggravated assault upon another person, all of which were done by the use of a deadly weapon by shooting at them.

The state's evidence disclosed that defendant had robbed the restaurant manager and took certain cash, but the manager had not observed a weapon in the possession of the defendant, hearing a loud click that he described as being the sound of a double action revolver being cocked, the witness being familiar with the use and operation of pistols for 20 years and being the owner of four pistols. The witness observed nothing in the defendant's left hand, and his right hand was hidden from view. However, the subsequent events disclosed that the

robber did, indeed, have a weapon in his possession inasmuch as there was ample evidence that he had shot at the officers both after he had taken one police officer's weapon from him and during the high speed chase in fleeing. After his capture the money from the restaurant was retrieved, the same being cash placed in a green bank bag and that bag with other bags taken from the safe were then placed in a reddish brown (vinyl) shoulder bag brought into the restaurant by the defendant. The defendant was thereafter seen leaving the restaurant on a bicycle with the reddish brown shoulder bag. Construing the evidence in a light most favorable to the verdict the evidence was sufficient to authorize a jury, a rational trier of fact, to find beyond a reasonable doubt that the defendant was guilty of armed robbery of the restaurant taking the money from the manager, thereafter taking the policeman's revolver, shooting at him and then shooting at the other officers and the individual in the high speed chase in a van with his companions. See *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678). The evidence presented by the state was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of each of the offenses as charged.

2. It appears from the record and transcript of the proceedings that the defendant was first represented by retained counsel who was relieved from representing the defendant prior to trial. When he was arraigned defendant made it known that he did not want this retained counsel to represent him, and another attorney was appointed, but there was some conflict between appointed counsel and the defendant whereupon the public defender assumed the defense and was appointed to represent the defendant on Friday, June 19, 1981. However, the defendant refused to discuss the case with this counsel on Friday, June 19, 1981, and again on Saturday, June 20, 1981. The defendant finally did discuss the case to some extent with counsel on June 25, 1981, his case having been called on June 24, 1981; and a special plea of insanity was entered on June 25, 1981, and a special jury determined that the defendant was mentally competent to stand trial. His final trial was on Friday, June 26, 1981. It is quite clear that the defendant refused to cooperate with and aid his appointed counsel, and it is equally clear from the transcript that he physically and intentionally attempted to disrupt the judicial proceedings in order that he not be tried for the offenses charged in the indictment.

We are concerned here with a motion for continuance by counsel who contended he did not have adequate time to prepare the case. All applications for continuance are addressed to the sound discretion of

the court and shall be granted or refused as the ends of justice may require and may be disturbed on appeal only if there has been an abuse of discretion. See *Shaw v. State,* 239 Ga. 690, 692 (238 SE2d 434). It appears from the record here that defendant was first represented by retained counsel and except for his own conduct and dilatory tactics his appointed counsel could have been adequately prepared for the trial of the case. See *Cantrell v. State,* 154 Ga. App. 725 (2) (270 SE2d 12); *Gibson v. State,* 143 Ga. App. 467, 468-469 (1) (238 SE2d 562). Further, there has been no showing, nor even a contention, that a continuance under the facts and circumstances of the case sub judice would have enabled counsel to more adequately prepare for trial. We find no abuse of discretion in the trial court's refusal to grant the defendant a continuance under the circumstances of this case.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED APRIL 7, 1982.

*David E. Perry,* for appellant.
*Thomas H. Pittman, District Attorney, C. Paul Bowden, Assistant District Attorney,* for appellee.