## 64691. WOODS v. THE STATE.

BIRDSONG, Judge.

Floyd Nelson Woods was tried by jury and convicted of violating the Georgia Driver's Licensing Act, for operating a vehicle after having been declared an habitual offender and having had his license revoked. Woods appeals. *Held:*

Appellant complains of the denial of his motion for directed verdict of acquittal on evidentiary and constitutional grounds. He further complains that the evidence is insufficient to support the verdict and that the verdict is contrary to the law and evidence.

We find no error. The evidence showed that the arresting officer observed a vehicle leave the Brown's Bridge Liquor Store in Gainesville and drive across three lanes of traffic, causing other drivers, including the arresting officer, to stop suddenly to avoid collision. The officer turned on his flashing blue lights and siren and followed the car as it made two sharp turns and finally swerved off the road and struck two mailboxes before stopping. The officer had seen the car's operator raise and lower his head in the car, as if the driver were repeatedly leaning down, during the entire pursuit. The car's operator was appellant Woods, who is paralyzed from the waist down. Woods was intoxicated at the time of his arrest. The car was a standard vehicle, not equipped with the type of brake and accelerator used by handicapped persons. Woods contended at trial that his ex-brother-in-law had been driving the car but, after seeing the flashing blue lights, had jumped out of the car and run away, leaving Woods in the moving vehicle. Another witness testified that another man had been driving the car but when the police car turned on its blue lights, the man jumped out and ran. The officer testified that at no time, from first seeing the vehicle leave the liquor store, did he see any other person in the car, nor did he see any person jump out of the car; but the car had been continuously in his vision and had not stopped until it upended the mailboxes two or three blocks away.

Weight of the evidence and credibility of the witnesses are jury determinations; on appeal we determine only whether the evidence is such as to authorize a reasonable juror to rationally find guilt beyond a reasonable doubt. *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). Competent evidence in this case supports the jury's conclusion that appellant was operating a motor vehicle as an habitual offender while his license was revoked. Appellant contends that he was entitled to a directed verdict of acquittal on grounds that he could not in any case be found guilty of operating a motor vehicle as an habitual offender because the evidence was undisputed that he was paralyzed and could not drive or control or **operate a** standard-equipped

vehicle. This contention requires no answer except to say that the jury could and did find beyond a reasonable doubt that he did just that.

There were no errors in this conviction.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 4, 1982.

*John N. Crudup,* for appellant.
*Jeff C. Wayne, District Attorney, Patrick F. McMahon, Assistant District Attorney,* for appellee.