## 64646. PONDER v. THE STATE.

CARLEY, Judge.
Appellant was convicted of burglary. A notice of appeal from the judgment entered on the verdict was timely filed on December 28, 1981. A motion for new trial was subsequently filed January 12, 1982, and the order denying the motion for new trial was entered on May 18, 1982. No notice of appeal was filed within 30 days of the denial of appellant's motion for new trial. The instant appeal is before this court pursuant to the notice of appeal dated December 28, 1981.

1. Appellant's first enumeration of error is that the trial court erred in denying his motion for new trial. However, appellant, as noted above, failed to file a timely notice of appeal after the denial of his motion for new trial. Code Ann. § 6-803 (a) provides: "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . but when a motion for new trial has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion . . ."

"The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on the appellate court. [Cit.] While [, in the instant case,] the judgment of [May 18, 1982, denying appellant's motion for new trial,] would ordinarily confer jurisdiction, the notice of appeal from that judgment was premature and of no validity." *Moody v. Moody,* 141 Ga. App. 185, 186 (233 SE2d 385) (1977). In *Moody,* the notice of appeal was filed while the motion for new trial was pending. In the present case, the notice of appeal was filed even before the motion for new trial was made and, therefore, it was equally "premature and of no validity." It follows that the notice of appeal filed on December 28, 1981 was ineffective to confer jurisdiction on this court to review the trial court's order of May 18, 1982 denying the motion for new trial.

2. Appellant's second enumeration of error raises the general grounds. "Appellate courts review the evidence only to determine whether a reasonable trier of fact could rationally have found in the

evidence proof of guilt beyond a reasonable doubt. [Cits.] According to this standard, we do not find that the evidence is insufficient to support the verdict as claimed by appellant." *Jordan v. State,* 159 Ga. App. 804, 805 (285 SE2d 249) (1981).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED DECEMBER 1, 1982.

*Stephen H. Andrews,* for appellant.

*H. Lamar Cole, District Attorney, Jim Hardy, Assistant District Attorney,* for appellee.