### 65845. BROWN v. THE STATE.

BIRDSONG, Judge.

The appellant Sammy Brown and his deceased wife were arguing when, by his own admission, appellant got a gun out of a drawer and brandished it at his wife "to scare her." Mrs. Brown knocked the gun out of his hand twice, but each time appellant picked it up. Ultimately, Mrs. Brown and appellant struggled over the gun and it went off, killing Mrs. Brown. *Held:*

1. Appellant was not entitled to a jury charge of OCGA § 16-5-3 (b) (Code Ann. § 26-1103), concerning involuntary manslaughter for having caused the death of another while in the commission of "a lawful act in an unlawful manner." In *Cook v. State*, 249 Ga. 709, 712 (292 SE2d 844) and *Raines v. State*, 247 Ga. 504 (3), 506-507 (277 SE2d 47), the Supreme Court held that one handling a gun in such a way even as to accidentally kill another, has necessarily committed the crime of reckless conduct. See also *Truitt v. State*, 156 Ga. App. 156 (274 SE2d 42). The appellant in this case did much worse than "handle a gun in a reckless manner"; he deliberately got the gun and brandished it at his wife in order to scare her, thus committing an aggravated assault. Such circumstances do not give rise to a charge on lawful act-unlawful manner involuntary manslaughter.

2. For the same reason, when the jury returned a verdict of "involuntary manslaughter," without specification, the trial court did no more than conform the verdict to the pleadings and the evidence (see OCGA § 17-9-40 (Code Ann. § 110-111)), when he asked the foreman to conform the verdict to the language of OCGA § 16-5-3 (a) (Code Ann. § 26-1103), unlawful act-involuntary manslaughter.

3. The trial court did not err in denying a mistrial after the prosecuting attorney asked the appellant: "But you didn't bring a

single witness in this courtroom today that saw her ever pull the gun out and point it at you? . . . No one single witness is here today, is it? . . . It's just your story today, all we have?" The trial court correctly and fully cured any misimpression that the appellant bore the burden of proving his innocence, by instructing the jury "that the defendant may or may not bring in witnesses, as he chooses, but regardless of whether the defendant brings in witnesses . . . the burden is always on the state to prove the guilt of the defendant beyond a reasonable doubt." The trial court did not abuse his discretion in denying a mistrial. OCGA § 17-8-75 (Code Ann. § 81-1009). In any case, the evidence is undisputed that there were no witnesses to the actual shooting incident, and no witnesses who saw Mrs. Brown point the gun at appellant. The jury was made aware of this fact, particularly by the appellant, so no harm was done by the prosecutor's query as to whether appellant had brought any such witness to court.

4. The verdict was not contrary to the evidence; the evidence was sufficient to permit a reasonable trier of fact to find rationally guilt beyond a reasonable doubt. *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171).

*Judgment affirmed. Shulman, C. J. and McMurray, P. J., concur.*

DECIDED MAY 10, 1983 —
REHEARING DENIED MAY 27, 1983 — 

*Millard D. Fuller,* for appellant.
*John R. Parks, District Attorney, J. Troy Hall, Assistant District Attorney,* for appellee.