*Attorney General*, for appellee.

## 35113. LAKES v. THE STATE.

JORDAN, Justice.

Wayne T. Lakes was convicted for the murder of Larry Cato and sentenced to life imprisonment. His motion for new trial was overruled and this appeal follows.

The state's evidence shows that the appellant was engaged in a dice game when the victim approached and they became engaged in a scuffle. The appellant drew his pistol during the engagement, the pistol was discharged four times, two of the bullets striking the victim causing his death. Eyewitnesses differed as to exactly who started the scuffle. There had been previous difficulty between the two. We conclude that the state's evidence was sufficient to convince rational jurors that the appellant was guilty of murder beyond a reasonable doubt.

The sole enumeration of error is that the trial court erred in "failing to grant appellant a reasonable continuance for preparation of an effective defense."

The record shows that after a jury was empaneled and upon the call of the witnesses, defense counsel noted that four names were called which were not on the list which had been furnished to defense counsel. State's counsel stated in his place that the witnesses were newly discovered and came within the exception stated in Code Ann. § 27-1403. This is not contested by the appellant. Defense counsel moved for a continuance and the court recessed court until after the lunch period. During this approximately two hour recess defense counsel had an opportunity and did question these four witnesses, two of whom were later called by the state. The appellant contends that this did not give him adequate time to develop the information obtained from these witnesses.

The motion for a further continuance was denied and the case proceeded to trial, lasting into the next day.

The court did not abuse its discretion by refusing to grant a further delay. Allowing defense counsel to interview the newly discovered witnesses is a procedure

which is clearly permitted as an alternative to a further continuance. *Gibson v. State,* 143 Ga. App. 467 (238 SE2d 562) (1977); *Morgan v. State,* 224 Ga. 604 (1) (163 SE2d 690) (1968). The appellant was unable to make a clear showing that information developed from the noon interviews would lead to any other witnesses who would testify differently from other witnesses who were present at the scene of the crime. Appellant was unable to show the names of any witnesses developed from the interviews and whether or not they would be subject to subpoena.

All applications for continuance are addressed to the sound legal discretion of the court and shall be granted or refused as the ends of justice may require. Code Ann. § 81-1419. The record at best shows only speculative harm to the appellant and is insufficient to show an abuse of discretion by the trial court under the facts and circumstances of this case.

*Judgment affirmed. All the Justices concur.*

Submitted July 6, 1979 — Decided September 10, 1979.

*Donald Stein,* for appellant.
*Arthur K. Bolton, Attorney General, Lewis R. Slaton, District Attorney,* for appellee.