A94A1693. WALKER v. THE STATE.
A94A1880. DAVIS v. THE STATE.
(448 SE2d 924)

BIRDSONG, Presiding Judge.

Jeffrey C. Walker and Curtis Jerome Davis were jointly tried before a jury and found guilty of possession of cocaine with intent to distribute in violation of OCGA § 16-13-30 and possession of a firearm during the commission of a felony in violation of OCGA § 16-11-

106. Each appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdicts of guilty, and their separate appeals are consolidated for disposition in this opinion.

Walker contends the evidence is insufficient to sustain his convictions and asserts that the trial court erred by allowing a witness to testify after Walker's motion "requesting information concerning any deals or consideration given to any witness, when the State failed to respond to the motion." Davis also contends the evidence is insufficient to sustain his convictions and contends the trial court erred by denying his motion for a new trial based on the State's failure to reveal that a witness' testimony was in return for the State's agreement to dismiss the charges against him. *Held*:

1. Appellants both contend the evidence is insufficient to sustain their convictions. Considering the evidence most strongly in support of the verdicts, the transcript shows narcotics agent Sullivan testified he arranged with Walter Berry to buy some cocaine at Berry's body shop. When Sullivan arrived at the body shop, however, Berry told him the cocaine had not arrived. Soon Davis and Walker drove up and Berry told Sullivan, "he is here." Sullivan also testified that he gave Berry $250 and Berry walked over to the truck and spoke with Walker, the passenger in the truck. Then, Berry and Walker started walking toward Sullivan. According to Sullivan, when Walker saw him, Walker got a "shocked look on his face," and returned to the truck. Davis, however, did not leave the truck.

After Sullivan gave a signal for other officers to converge, the other officers arrested Berry, Walker, and Davis. At first, no cocaine was found, but after about 15 or 20 minutes, a small change purse was found in the gutter some 15 feet from the truck. Inside were small plastic packages of a substance later identified as cocaine.

No identifiable fingerprints were found on the plastic packages and the purse was not checked for fingerprints. No witness testified that they saw either Walker or Davis in possession of the purse, or that either appellant threw anything in the street. A search of the truck revealed a .357 magnum pistol, registered to Davis, on the console between the front seats. Davis had a permit to carry the pistol which was not concealed or otherwise carried illegally.

At the trial, Berry testified for the State; his testimony tended to support Sullivan's testimony. He testified that he called Walker and asked him to bring cocaine to the shop, but he denied talking to Walker at the scene shortly before the arrest. Berry's testimony did not incriminate Davis in any way.

We find this evidence sufficient to sustain the convictions. When the jury is authorized to find the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except the defendants' guilt, the verdicts will not be disturbed unless the verdicts are

insupportable as a matter of law. *Pattillo v. State*, 250 Ga. 510, 512 (299 SE2d 710); *Jones v. State*, 165 Ga. App. 36, 38 (299 SE2d 576). Convictions based upon circumstantial evidence are authorized only when the "proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. But, when circumstantial evidence meets this test, it is as probative as direct evidence (*Christmas v. State*, 171 Ga. App. 4, 7 (318 SE2d 682)), and "[w]hether this burden has been met is a question for the jury." *Doe v. State*, 189 Ga. App. 793, 795 (377 SE2d 546). Further, circumstantial evidence need not exclude every inference or hypothesis. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662).

On appeal, the presumption of innocence no longer avails and we view the evidence in a light most favorable to the verdict. *Watts v. State*, 186 Ga. App. 358 (366 SE2d 849). Viewing the evidence in that manner, we conclude that the jury rationally could find from the circumstantial evidence that every reasonable hypothesis was excluded except that Walker and Davis were engaged in a joint enterprise to deliver the cocaine to Berry so he could sell it to Sullivan. Thus the jury could find they both possessed the cocaine with the intent to distribute and could further find that, while delivering the cocaine, they jointly possessed the firearm even though only Davis owned the pistol. Accordingly, there is sufficient evidence from which any rational trier of fact could have found beyond a reasonable doubt that Walker and Davis were guilty of the offenses of which they were convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Walker and Davis contend the State failed to inform them that the witness Berry was testifying under a deal or promise of leniency. We reiterate "[t]he state is under a duty to reveal any understanding or agreement with a witness concerning criminal charges pending against that witness. *Patillo v. State*, 258 Ga. 255 (4) (368 SE2d 493) (1988); *Jolley v. State*, 254 Ga. 624 (5) (331 SE2d 516)." *Davis v. State*, 263 Ga. 5, 9 (426 SE2d 844). This duty extends to even informal agreements (*Jolley*, supra at 629), and in *Patillo* our Supreme Court held that agreements with witnesses must be revealed regardless of how non-promising the agreement was in terms of its prospects for the witness. *Patillo*, supra at 261. Therefore, the State's reliance on the failure of appellants to seek a ruling on their motions to reveal any agreements is misplaced. The fact that both appellants moved for the State to disclose this information merely emphasized the State's independent obligation. The trial court's failure to rule on the motions is not dispositive of the issue.

Because at various times the State has taken inconsistent positions on whether there was a deal, and indeed, even within the same pleading appears to both affirm and deny a deal with Berry, the rec-

ord does not conclusively establish that there was a deal. Since the same assistant district attorney represented the State at the joint trial of both appellants, argued against Davis' motion for new trial, and prepared the State's briefs in these appeals, the reason for this confusion is not apparent.

The transcript does not definitely show there was a deal. Berry's testimony strongly suggests there was no deal; he testified that he had entered a plea of guilty on the charge, but that he had not been sentenced and did not know how much time he would get on his plea. Based upon this testimony, the likely inference is that there was no agreement between Berry and the prosecution. Berry merely entered a plea and would in the future be sentenced on his plea.

Berry, however, was never sentenced. After Berry's testimony against the appellants, the charge was nol prossed even though he had already pleaded guilty. Further, other cocaine charges pending against Berry resulted in a sentence of 20 years confinement to be served on probation with 52 weekends in jail. This disposition is contrary to the written policy of the district attorney that cocaine dealers would do jail time.

Davis moved for a new trial because the prosecution failed to reveal the deal with Berry. At the hearing on this motion, Davis was represented by new counsel and his trial defense counsel testified that he was not informed of any deal with Berry. Additionally, evidence was presented showing Berry was originally indicted as a co-defendant with Davis and Walker for this attempted sale of cocaine on January 18, 1992, and was indicted separately for sale and distribution of cocaine on January 4, 1992. Davis also introduced a copy of the district attorney's published statement showing the policy that persons who sold cocaine go to jail.

At the hearing on Davis' motion for a new trial, the prosecutor refused to stipulate that there was a deal. The prosecutor stated that Davis' trial defense counsel was advised on the morning of trial that Berry would testify against the defendants, and she then stated that defense counsel was advised that she "had talked to Walter Berry, who showed up without an attorney and [she] had convinced him to testify against Davis and . . . Walker; that was the only deal and I said, 'I'll drop the charges against you if you testify against them' and that was just — and I told [Davis' trial defense counsel] that and there wasn't anything in writing and there were no promises made other than I would drop the charges. The sale and distribution of cocaine charge Mr. Berry had already pled to by the time that this case with Davis and Walker came to trial, if I remember correctly."

The prosecutor explained any conflict between the treatment Berry received and the district attorney's policy by stating: "As far as the D.A.'s policy on the sale of cocaine, I have routinely disregarded

that policy and that policy is not binding on me and I didn't write it and I didn't print it out and if he wants to deal with [the D.A.] by reporting me to him, then that's fine, but the truth of the matter is that I never agreed to the policy and I never went along with it and I never conducted myself as if I did."

Subsequently, trial defense counsel testified that while he knew Berry would be testifying against Davis, to the best of his recollection he was never aware of any deal. Davis also introduced a letter from trial defense counsel to his present counsel in which trial defense counsel stated that he was not informed of any deal concerning Berry. The prosecutor appeared to contest this recollection, and at the hearing also denied that Berry received a 20-year sentence.

The trial court denied the motion for a new trial because there was "not enough evidence" to authorize the grant of a new trial. Walker enumerates as error the denial of his motion for new trial.

On appeal, the prosecutor makes inconsistent statements about whether there was a deal or agreement with Berry in return for his testimony. In Davis' appeal, the prosecutor first contends that when Davis made a motion to reveal this information the State was not aware of anything to reveal. "No conversation was ever initiated or held with either counsel regarding *Giglio* materials." The State's brief also asserts that Davis' trial defense counsel was informed at another trial involving that counsel, that Berry had been persuaded to testify against Davis. The brief next states: "NO DEAL HAD BEEN MADE WITH BERRY at the time of that trial or at the time of appellant's trial. Appellant speculates, without the benefit of any evidence that the State made a secret deal at that time with Berry and did not reveal that deal to appellant. That is not the case. . . . In the instant case, a proper *Giglio* motion was filed, but there were no promises of leniency or non-prosecution made until the morning of trial. On cross-examination, Walter Berry was questioned extensively by counsel for appellant about his plea and possible sentence. He indicated at that time that he did not know what his sentence was going to be. There was no evidence of any deal because there was no deal made with Berry before appellant's trial in this case. The [prosecutor] asserted at the hearing on the motion for new trial that on the morning of trial she told counsel for appellant that she had induced Berry to testify by offering to drop the charges against him. There was no writing in response to appellant's *Giglio* motion because there was no time to write anything down. But counsel distinctly remembers alerting appellant's trial counsel that Berry was going to testify against his co-defendants." Of course, telling defense counsel that Berry was going to testify against his client is not the same as telling him that Berry had a deal to testify.

The State's brief in Walker's appeal contains statements that

conflict with the State's position in the Davis appeal. The Walker brief states: "NO DEAL HAD BEEN MADE WITH BERRY at the time of that trial or at the time of appellant's trial," further states that "there were no promises of leniency or non-prosecution were made," and states "there was no evidence of any deal because there was no deal." The State has offered no explanation for any inconsistencies and has not asserted that Walker's counsel was made aware of any deal with Berry.

Because the record on appeal contains conflicting evidence on whether there was a deal with Berry and whether the defense was informed, these appeals are remanded to the trial court for an evidentiary hearing and findings of fact. The primary issues to be addressed are whether there was an agreement, deal, promise, or understanding with Berry that he would receive some benefit in return for his testimony against Walker and Davis. If there was such an agreement, what were its terms, when was it reached, and what terms of the agreement, if any, were made known to counsel for the appellants?

Although Davis' and Walker's enumerations of error as crafted do not assert due process violations, the trial court should consider, and make appropriate findings of fact and conclusions of law on whether there have been violations of due process requirements of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215). See *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104); *Owens v. State*, 251 Ga. 313 (305 SE2d 102). If the trial court determines that such violations have occurred, the trial court should also consider and make appropriate findings and conclusions of law on whether " 'the (undisclosed) evidence is material in the sense that its suppression undermines confidence in the outcome of the trial,' i.e., 'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' [Cit.]" *Patillo*, supra at 261. The procedures established in *Moore v. State*, 187 Ga. App. 387, 392-394 (370 SE2d 511) are suggested upon remand to the extent applicable. If the trial court determines that a new trial is not required, Walker and Davis may appeal from that judgment and the appeal will be redocketed in this court. See *Hammond v. State*, 260 Ga. 591, 599-600 (398 SE2d 168).

*Judgments affirmed in part and cases remanded. Blackburn and Ruffin, JJ., concur.*

DECIDED SEPTEMBER 21, 1994.

*Lewis R. Lamb,* for appellants.
*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assis-*

*tant District Attorney,* for appellee.