## A95A2395. MAYFIELD v. THE STATE.
### (467 SE2d 352)

RUFFIN, Judge.

Eddie Mayfield was convicted of distributing cocaine in violation of the Georgia Controlled Substances Act. He appeals the judgment of conviction and the denial of his motion for new trial. For reasons which follow, we affirm.

1. Mayfield contends the evidence was insufficient for the jury to find him guilty beyond a reasonable doubt. We disagree.

Viewed in a light to support the verdict, the evidence showed that on June 4, 1993, two GBI agents, Horton and Duren, and their informant were conducting an undercover narcotics investigation. Agent Horton testified that while driving in front of an apartment complex, Mayfield's co-defendant, Edward Head, signaled them to stop the car. When the agents did so, Head approached the car and asked what they needed. Horton responded she needed "two twenties," which meant $40 worth of crack cocaine. Head told the agents he did not have any cocaine at that time but motioned for Mayfield to come to the car. Mayfield told the agents he had only one "twenty," and Horton purchased the crack cocaine from him. Shortly thereafter, Horton reviewed 15 photographs and selected Mayfield's photograph as the individual who sold her the crack cocaine. Mayfield and Head were arrested five months later, and at that time Agent Horton again identified Mayfield as the individual who sold her cocaine in June.

The foregoing evidence, construed in a light most favorable to the State, was sufficient to authorize a rational trier of fact to find Mayfield guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hunter v. State*, 202 Ga. App. 195 (1) (413 SE2d 526) (1991).

2. Mayfield contends the trial court erred in denying his motion to sever because he was prejudiced when the jury saw a videotape which showed Head selling cocaine to Agent Duren one month after the sale for which Mayfield was indicted. He argues that the court should have given the jury an instruction cautioning that he was not involved in the sale depicted on the tape.

Prior to the testimony of the officer who authenticated the videotape, and in the jury's presence, Mayfield's attorney requested that

the court "instruct the Jury to keep in mind as they view this video it does not relate to Count One, Mr. Mayfield. They should not think of it as in any way impugning on Mr. Mayfield." The court responded "[w]ell, as I understood it, whatever is depicted in the video tape dealt with Count Two which I believe is, maybe, in July. Is that right?" Following the officer's testimony and before the tape was played, Mayfield's attorney again asked the court "to give some proper cautionary instructions as they relate to [Mayfield]." The court responded, "[w]ell, I've indicated, I thought I did, that I understand this [tape] purports to involve Count Two. But I haven't seen [the tape]. I can't state who or who is not depicted in it. That would be for the Jury to decide, in any event. But I did caution them that this applied only to Count Two and the Defendant Mr. Head is the only defendant charged in Count Two of the indictment." The court also reiterated in its charge to the jury that Count 2 of the indictment related solely to Edward Head.

We find no error in the court's denial of the motion to sever. OCGA § 17-8-4 provides that when two or more defendants are jointly indicted for a noncapital felony, such defendants may be tried jointly or severally in the discretion of the trial court. The denial of a motion to sever is within the trial court's discretion, and it will not be reversed absent an abuse of discretion. *Marlow v. State*, 207 Ga. App. 269 (1) (427 SE2d 600) (1993). In exercising its discretion, the trial court is to consider the following: whether the number of defendants will create confusion of the evidence and law applicable to each individual defendant; whether there is a danger that evidence admissible against one defendant will be considered against the other despite cautionary instructions by the court; and whether the defenses of the defendants are antagonistic to each other. Id.

"The burden is on the defendant requesting a severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process." (Citations and punctuation omitted.) *Johnson v. State*, 208 Ga. App. 747, 749 (2) (431 SE2d 737) (1993). Although Mayfield complains that he was prejudiced, he has not shown by the record that the videotape admitted against Head was considered against him. We note parenthetically that the foregoing colloquy in the jury's presence as well as the court's charge was tantamount to cautioning the jury that the videotape was to be considered only with respect to Count 2, the count with which only Mayfield's co-defendant was charged. Nor has Mayfield shown that the failure to sever created confusion of the evidence and law applicable to each defendant or that he and Head had antagonistic defenses. See id. Thus, the trial court did not abuse its discretion in denying the motion to sever.

3. Mayfield contends the trial court erred in allowing the State to admit into evidence the crack cocaine Horton purchased from him because the exhibit contained two pieces of cocaine and Horton testified that she bought only one small rock of cocaine from him. Citing OCGA §§ 24-4-1 and 24-4-2, Mayfield argues that a proper foundation for the exhibit was not established and that the admission of the exhibit impermissibly shifted the burden to him to explain this discrepancy. We disagree.

To begin with, the court properly instructed the jury on the State's burden of proof in a criminal case. In addition, the undercover agent testified that after purchasing the cocaine in Exhibit 1 from Mayfield, she placed it in an evidence bag and maintained it until she gave it to the Macon Crime Laboratory four days later. The forensic scientist from the crime laboratory who received and tested the evidence testified that it was secured in storage until it was tested. When asked about the discrepancy in the number of pieces of cocaine, she testified that because of the nature of the drug, it can break in two or crumble. Not only did the State give a plausible explanation for the discrepancy, but such a disparity is an issue for the jury to resolve and goes to the weight rather than the admissibility of the evidence. See, e.g., *Thomas v. State*, 208 Ga. App. 476 (1) (430 SE2d 849) (1993). Accordingly, we find no error.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 25, 1996.

*William A. Fears*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.