A96A0983. PRICE v. THE STATE.
(477 SE2d 353)

JOHNSON, Judge.

Charles Price appeals the judgment of conviction entered upon a jury's verdict finding him guilty of three counts of aggravated child molestation and two counts of child molestation for acts committed

---

upon his six-year-old niece and eight-year-old nephew. He also appeals from the denial of his motion for new trial.[1]

1. Price contends that he was denied due process because no arraignment was held. However, the record shows that Price and his attorney signed a not guilty plea and specifically waived formal arraignment in February 1992. Price does not deny signing the waiver. He simply asserts on appeal that he did not sign the form until January 1993, just before closing arguments. Assuming that Price did sign the waiver and plea during rather than before trial, he has failed to show any harm resulting from the procedure. Moreover, Price voiced no objection at trial either to signing the waiver during trial or to the fact that no formal arraignment had been held. Therefore, his right to a formal arraignment was waived on that basis as well. See *Frazier v. State*, 204 Ga. App. 795 (420 SE2d 824) (1992).

2. Price complains that he was denied due process because some jurors slept during the trial. There is nothing in the trial transcript indicating that any jurors were sleeping during the proceedings. Even assuming that they were, however, it does not appear that such a matter was brought to the attention of the trial court. "The defendant must bring the misconduct of the jury to the knowledge of the court, if known; and if not brought when known, it will be held in contemplation of the law to have been waived." (Citations and punctuation omitted.) *Hand v. State*, 205 Ga. App. 467, 468 (1) (422 SE2d 316) (1992).

3. Price's complaint that his trial counsel was denied adequate time to investigate newly discovered evidence is without merit. At issue is a note written by a Department of Family & Children Services caseworker which the prosecutor showed defense counsel during the trial. This note said the female victim claimed to have an imaginary twin sister and that the sexual acts were committed upon this imaginary twin. Upon seeing the note, defense counsel requested a continuance in order to interview the caseworker who authored it. The court denied the request for a continuance, but ordered a recess so that counsel could interview the caseworker that afternoon. Allowing defense counsel an opportunity to interview the newly discovered witness is a procedure which is permitted as an alternative to a continuance. *Lakes v. State*, 244 Ga. 217 (259 SE2d 469) (1979). At the hearing on the motion for new trial, defense counsel testified that he did in fact interview the caseworker during the recess, but

---

[1] Price has filed a total of three motions for new trial since his 1993 conviction; all three were denied. He also filed a notice of appeal in 1993, but this Court dismissed the appeal when counsel failed to timely file a brief and enumeration of errors. This appeal results from the grant of an out-of-time appeal by the trial court. Price was tried along with his brother, whose separate appeal has been remanded on an issue unrelated to this appeal.

did not find the information obtained to be significant and therefore needed no additional time to investigate it. Thus, Price was not harmed by the denial of his motion for a continuance. We find no abuse of discretion. See id. at 218.

4. Price argues that the indictment was defective because it failed to state with sufficient certainty the date of the offenses. The indictment alleged that the offenses occurred between September 1, 1990 and June 12, 1991. This was sufficient because specific dates are alleged and, "in any event, the State was not limited to proving that the offense[s were] committed only on a specific date alleged. (Cits.)" *Murphy v. State*, 195 Ga. App. 878 (1) (395 SE2d 76) (1990). "[W]here the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitations. An exception exists where the evidence of the state proving that the offense was committed at a time substantially different from that alleged in the indictment surprises and prejudices the defense in that it deprives the defendant of a defense of alibi or otherwise denies him his right to a fair trial." (Citations and punctuation omitted.) *Turner v. State*, 202 Ga. App. 799, 800 (1) (415 SE2d 524) (1992). Here, the exact date was not stated as a material allegation in the indictment. Additionally, Price has not shown that the evidence proved that the offenses occurred on a substantially different date than alleged, thereby causing surprise or prejudice. Price was not denied the right to a fair trial on this ground, and we find no error.

5. The trial court did not err in denying Price's motion to sever his trial from that of his brother. When two or more defendants are jointly indicted for a non-capital felony, the denial of a motion to sever is within the trial court's discretion, and it will not be reversed absent an abuse of discretion. OCGA § 17-8-4; *Mayfield v. State*, 220 Ga. App. 19, 20 (2) (467 SE2d 352) (1996). In its charge to the jury, the trial court twice instructed the jury to consider each count and each defendant separately. The jury was also given a verdict form which listed each defendant and each count separately. The fact that the jury found Price not guilty as to Count 4, but found his co-defendant guilty on the same count "indicates that the jury was able to distinguish the evidence and apply the law intelligently as to each offense." (Citations and punctuation omitted.) *Carroll v. State*, 199 Ga. App. 8, 10 (403 SE2d 875) (1991). "[Price] has complained, but has not shown by the record, that the joint trial has created confusion of the evidence and law applicable to each defendant." (Citation and punctuation omitted.) *Mitchell v. State*, 220 Ga. App. 264, 266 (469 SE2d 707) (1996).

6. Price was not denied his Sixth Amendment right to confront witnesses because the defense table was positioned in such a manner

that he was allegedly unable to see witnesses as they testified. There was no objection at trial to the positioning of defense table. In fact, Price never asked to be moved. Any error concerning the placement of the defense table has thus been waived. In any event, Price's argument is without merit. "The primary object of the confrontation clause is a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face *with the jury in order that they may look at him,* and judge his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." (Citations and punctuation omitted; emphasis in original.) *Ortiz v. State,* 188 Ga. App. 532, 533-534 (2) (374 SE2d 92) (1988). "The right of confrontation is provided not for the idle purpose of gazing upon the witness or of being gazed upon by him, but, rather to allow for cross-examination." (Citations, punctuation and emphasis omitted.) Id. It is a right to ask questions and secure answers from witnesses who are present in court and in full view of the trier of fact. Id. at 535 (2). Defense counsel had the opportunity to and did thoroughly cross-examine the State's witnesses. Price's attorney was permitted to move freely around the courtroom so that he could see the witnesses more clearly. Price does not claim and the record does not show that the jurors had any difficulty seeing the witnesses as they testified. Indeed, the contrary is more likely, as defense counsel testified at the hearing on Price's motion for new trial that he instructed Price to make eye contact with the jurors as he testified. In *Boatright v. State,* 192 Ga. App. 112, 115-116 (5) (385 SE2d 298) (1989), we found no error in the trial court's allowing child victims to testify with their backs to the defendant when defense counsel's ability to cross-examine the witnesses and the defendant's ability to assist in his defense was not substantially impaired by an inability to see and hear the children *adequately* when they testified. As this Court opined in *Ortiz,* supra, the Supreme Court's statement in *Coy v. Iowa,* 487 U. S. 1012 (108 SC 2798, 101 LE2d 857) (1988), that a defendant's confrontation rights are violated where a one-way screen is used to enable the witness to avoid seeing the defendant, must be limited to situations in which it is *impossible* for the witness to see the defendant. *Ortiz,* supra at 534. Here, there is no evidence that it was impossible for the witnesses to see Price or for him to see the witnesses. At the hearing on the motion for new trial, defense counsel testified that it was "difficult" for the defense attorneys and defendants to see the witnesses "adequately" in any case tried in that particular courtroom. Price's right to confront the witnesses testifying against him was not violated.

7. The trial court did not err in admitting audio and videotapes

of interviews with the victims. Contrary to Price's contention, the interviews were not depositions, and therefore OCGA § 24-10-131 did not require that the State notify him before the interviews were conducted. Also contrary to Price's argument, the trial court did not err in its finding that the taped statements contained sufficient indicia of reliability to be admissible. In ruling on this issue, the trial court specifically considered such matters as the child's age, demeanor, credibility and mental condition; the nature of the statements, their spontaneity and consistency and whether the child was coached. See generally *White v. State*, 211 Ga. App. 694, 695 (1) (440 SE2d 68) (1994). Both children testified at trial and were subject to cross-examination. The trial court did not abuse its discretion in admitting the tapes. See *Penaranda v. State*, 203 Ga. App. 740, 741 (2) (417 SE2d 683) (1992).

8. We find no error in the trial court limiting defense counsel's cross-examination of a psychologist testifying for the State. Price claims that he was denied the right to a thorough and sifting cross-examination because he was not allowed to replay for the psychologist the children's video and audiotaped statements and ask him whether the manner of questioning used was coercive and the responses reliable. "The Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." (Citations and punctuation omitted.) *Eason v. State*, 194 Ga. App. 678, 679 (1) (391 SE2d 427) (1990). It is clear from the trial transcript that defense counsel conducted a thorough and sifting cross-examination of the witness and did in fact ask numerous questions about the effectiveness of various interviewing techniques. "The scope of cross-examination is not unlimited and the extent thereof lies within the sound discretion of the court." (Citations and punctuation omitted.) *Meadows v. State*, 190 Ga. App. 662, 663-664 (2) (380 SE2d 326) (1989). We find no abuse of discretion here.

9. Price claims that the trial court erred in allowing the face sheet of the redacted indictment to go out with the jury when it showed the total number of counts originally charged. He says this was erroneous and prejudicial since the trial court granted a directed verdict of acquittal as to some of the counts, some of the counts had been dismissed by the prosecutor, and others were duplicitous or applied only to his co-defendant. In a colloquy with the court concerning the absence of a signature on the redacted copy of the indictment, defense counsel stated to the court that "[the redacted copy] shows all the multiple counts at the top. *It doesn't matter to me.*" (Emphasis supplied.) Defense counsel made no further objection on this issue. Therefore, the issue was waived. See generally *Flowers v. State*, 159 Ga. App. 516, 517 (284 SE2d 32) (1981).

10. The verdict was supported by sufficient evidence and was not contrary to law. Price was convicted of having committed aggravated sodomy by placing his penis in C. C.'s mouth, being a party to placement of his co-defendant's penis in C. C.'s mouth and by causing, advising, and encouraging C. C.'s stepbrother M. P. to place his penis in C. C.'s mouth and child molestation upon C. C. as a party to causing, advising, and encouraging M. P. to place his hands and fingers on C. C.'s vagina and rectum and upon M. P. as a party to causing, advising and encouraging him to place his hands and fingers on C. C.'s vagina and rectum.

At trial, C. C. testified that her stepfather, the co-defendant, made her commit oral sodomy upon him and upon M. P., and that Price also made her sodomize Price. Similarly, in a videotaped interview, C. C. stated that she was forced to "suck [M. P.'s, Price's and the co-defendant's] privates." She added that Price, the co-defendant and M. P. were all together when this happened. C. C. also stated in a taped interview that Price, the co-defendant and M. P. made her commit oral sodomy upon them. M. P. testified that he witnessed both the co-defendant and Price force C. C. to perform oral sex upon them. M. P. added that the co-defendant made C. C. commit oral sex upon M. P. while Price was in the room, and that the co-defendant made him touch C. C.'s vagina and buttocks while Price was in the room. A psychologist testified that C. C. and M. P. exhibited characteristics consistent with abuse. Price testified on his own behalf and denied all of the allegations.

As Price points out, some of the State's evidence was contradicted at trial. However, his argument raises the issue of witness credibility and "the credibility of witnesses and the resolution of evidentiary conflicts are for the jury. On appeal of a conviction based on a jury verdict, this court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to that verdict." (Citation and punctuation omitted.) *Ramsey v. State*, 214 Ga. App. 743, 744 (1) (448 SE2d 790) (1994). Viewing the evidence in such a light, a rational trier of fact could have found Price guilty beyond a reasonable doubt of having committed the offenses charged in Counts 1, 2, 3, 8, and 9 of the original indictment. See *Allen v. State*, 263 Ga. 60 (1) (428 SE2d 73) (1993).

As to Price's argument that several of the counts involved only acts of his co-defendant, we point out that "every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. One is concerned in the commission of a crime where the person either directly commits, intentionally causes another to commit, intentionally aids or abets the commission of, or intentionally advises or otherwise encourages another to commit the crime. . . . If the defendant had knowledge of

the intended crime and shared in the criminal intent of the principal [actor], he is an aider and abettor. Hence, if the defendant was at the scene and did not disapprove or oppose the commission of the offense, a trier of fact may consider such conduct in connection with prior knowledge and would be authorized to conclude the defendant assented to the commission of the offense, that he lent his approval to it, thereby aiding and abetting the commission of the crime." (Citations and punctuation omitted.) *Hildebrand v. State*, 209 Ga. App. 507, 511 (4) (433 SE2d 443) (1993). The evidence supports the jury's conclusion that Price was a party to the crimes at issue beyond a reasonable doubt. Id.

11. There is no merit to Price's argument that the trial court erred during the sentencing phase by admitting his prior criminal record in aggravation of punishment when he was not represented by counsel in two of the cases, namely a 1960 burglary conviction and a 1981 DUI conviction. We note that the burglary conviction was not listed on the record and was not offered in aggravation of punishment. In any event, defense counsel did not object to the introduction of any of the 15 listed convictions at the sentencing hearing. In fact, counsel specifically referred to Price's prior record and "problem with alcohol" when requesting lenient sentencing. Failure to object to the court's consideration of the conviction amounted to a waiver. *Golden v. State*, 177 Ga. App. 747 (341 SE2d 480) (1986).

12. Price alleges that he was denied effective assistance of counsel. "Defendants seeking to show that their counsel was ineffective must show: 1) their counsel's performance was deficient and 2) that the deficient performance prejudiced the defense. . . . Pretermitting whether the [performance] of appellant's [counsel was] deficient, within the meaning of [*Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)], is whether such [performance] prejudiced appellant's defense by creating a reasonable probability that, but for counsel['s] unprofessional errors, the result of the proceedings would have been different." (Citations and punctuation omitted.) *Pardo v. State*, 215 Ga. App. 317, 319 (6) (450 SE2d 440) (1994). Even assuming, without deciding, that trial counsel made errors as alleged, Price has failed to show that but for these errors, there is a reasonable probability that the result of the trial would have been different. The trial court's ruling that a motion for new trial was not warranted on this ground was not clearly erroneous and will be upheld. See *Cofield v. State*, 216 Ga. App. 623, 627 (5) (455 SE2d 342) (1995).

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 15, 1996.

*William W. Woody,* for appellant.

Charles Price, *pro se.*

*Albert F. Taylor, Jr., District Attorney, Mary E. Moore, Darrell E. Wilson, Assistant District Attorneys,* for appellee.