A98A2149. EASON v. THE STATE.
(507 SE2d 175)

ELDRIDGE, Judge.

Prior to February 1, 1996, the Candler County Sheriff's Department received a number of complaints that drug sales were occurring at the residence of defendant Michael Joe Eason, Jr., and that he had been seen in possession of drugs. On February 21, 1996, a controlled buy through a confidential informant was made at the defendant's residence. The informant told the officers that the defendant sold him cocaine. A follow-up controlled buy was made on that same day by the same informant. On February 29, 1996, a third controlled buy was conducted, and a search warrant was obtained based upon the controlled buys. The search warrant was executed late on the evening of February 29. When the warrant was executed, the only adults present were Ramon Kelly, defendant's brother, and defendant. When the defendant was searched incident to arrest, he had $360 in his pocket, although neither man was employed and another $160 was found in the kitchen. Upon the search, 14 pieces of crack cocaine were found in the living room of the residence. At trial, one of the officers gave his expert opinion that such quantity of crack cocaine was possessed with the intent to distribute it, rather than for personal use, and had a street value of roughly $280. On October 27, 1997, jury selection was conducted, but was not taken down. At trial, the defendant did not have counsel, conducted his own defense, and called his brother, James Hamilton Kelly, Jr., to testify. James Kelly testified from his observations on February 29 that the drugs were Ramon Kelly's because Ramon told someone to sell the drugs to a person who came to buy, but that Ramon gave possession of the drugs to Tim Edenfield, defendant's cousin, who left the residence just prior to the search. The defendant was not present during such activity.

Ramon Antonio Kelly testified for the defense that the drugs were his and not the defendant's and that he gave possession to Edenfield. The district attorney impeached Ramon by showing that, at his sentencing hearing on his plea of guilty to possession with intent to distribute, he denied ownership of the drugs.

The defendant testified in his own behalf. He testified that: "[o]n the night of February 29th they did not possess any drugs off of me as you've heard Ramon. . . . And he said that he owned the drugs and, you know, I don't know anything about them. He'd owned up to them

and he said that he let this other dude that was there hold the drugs. They didn't get them off of him, but he's confessing up to the drugs, and I didn't have them." The defendant claimed to have returned only five minutes prior to the search.

On November 3, 1997, the jury found the defendant guilty, and the trial court sentenced him. On December 2, 1997, the defendant moved for a new trial, which was amended. On April 13, 1998, the trial court denied the motion. On May 13, 1998, a notice of appeal was filed.

1. The defendant's first enumeration of error is that "[t]he evidence being totally circumstantial against the defendant and the co-defendant having accepted responsibility and pled guilty for the cocaine the trial court erred in failing to acquit the defendant as a matter of law." We do not agree.

" 'On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).' (Citation and punctuation omitted.) *Norris v. State*, 227 Ga. App. 616, 619 (4) (489 SE2d 875) (1997). 'As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.' (Punctuation omitted.) *Wilson v. State*, 227 Ga. App. 59, 60 (1) (488 SE2d 121) (1997)." *Hutchinson v. State*, 232 Ga. App. 368, 369 (501 SE2d 873) (1998).

The defendant failed to make a motion for directed verdict at the close of the evidence. Therefore, such enumeration of error goes to the issue of the sufficiency of the evidence on the motion for new trial. See *Neel v. State*, 140 Ga. App. 691, 692 (3) (231 SE2d 394) (1976), overruled on other grounds, *Baker v. State*, 245 Ga. 657, 665 (266 SE2d 477) (1980).

Under OCGA § 16-2-21, one who intentionally aids and abets in the commission of a crime is a party to the crime and may be convicted of the commission of the crime. *Wakily v. State*, 225 Ga. App. 56, 57 (1) (483 SE2d 313) (1997); *Price v. State*, 223 Ga. App. 185, 190-191 (10) (477 SE2d 353) (1996). The jury could find from the evidence that the drugs were in the joint constructive possession of not only Ramon Kelly and Edenfield, but also the defendant, notwithstanding the testimony by Ramon that the drugs were his and that Edenfield had temporary, actual possession prior to leaving. Thus, the jury could find that the totality of the evidence, although circum-

stantial, excluded every other reasonable hypothesis except defendant's guilt. *Noble v. State*, 225 Ga. App. 470 (484 SE2d 78) (1997); *Harris v. State*, 222 Ga. App. 56, 58-59 (473 SE2d 229) (1996). If the totality of circumstantial evidence is sufficient to connect the defendant with the possession of the drugs, the conviction will be sustained, even though there is evidence to authorize a contrary finding. *Blair v. State*, 216 Ga. App. 545, 546-547 (1) (455 SE2d 97) (1995). The presence, conduct, and companionship of the defendant before and after the offense with his brother and cousin are circumstances from which the defendant's aiding and abetting may be inferred. *Cook v. State*, 226 Ga. App. 113, 114-115 (1) (485 SE2d 595) (1997); see also *Woods v. State;* 224 Ga. App. 52, 55 (4) (479 SE2d 414) (1996); *Watson v. State*, 214 Ga. App. 645 (448 SE2d 752) (1994); *Hildebrand v. State*, 209 Ga. App. 507, 511 (4) (433 SE2d 443) (1993); *Searcy v. State*, 162 Ga. App. 695, 696 (1) (291 SE2d 557) (1982); *Kimbro v. State*, 152 Ga. App. 893, 894 (264 SE2d 327) (1980). " 'Moreover, where transactions involving relatives are under review slight circumstances are often sufficient to induce a belief that there was collusion between the parties.' (Citations and punctuation omitted.) *Carter v. State*, 188 Ga. App. 464, 465 (1) (373 SE2d 277) (1988)." *Watson v. State*, supra at 645. Further, the interest and impeachment of the defense witnesses made the issue of guilt a jury question. Thus, unless the verdict is insupportable as a matter of law, when the jury is authorized to find that evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except defendant's guilt, the verdict will not be disturbed. *Walker v. State*, 214 Ga. App. 691, 692-693 (1) (448 SE2d 924) (1994); see also *Wilson v. State*, 211 Ga. App. 791, 792 (1) (440 SE2d 534) (1994).

2. Defendant's second enumeration of error is that "[t]he Trial Court erred in requiring the defendant to go to trial without legal counsel without determining that defendant knowingly, voluntarily and intelligently waived his right to counsel." We do not agree.

In this case, defendant was not indigent and was not entitled to the appointment of counsel, although the trial court had private counsel sit through trial to advise the defendant.

For a non-indigent defendant, such as appellant, the " 'constitutional right [to counsel only] entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses *reasonable diligence* to obtain his services.' " (Emphasis in original.) *Shaw v. State*, 251 Ga. 109, 111 (303 SE2d 448) (1983). "Since a non-indigent defendant's right to counsel is predicated upon his own diligence, a failure on his part to retain counsel may constitute a waiver of the right to counsel. Thus, when presented with a non-indigent defendant who has appeared for trial without retained counsel, the trial judge has a duty to delay the proceedings long

598

enough to ascertain whether the defendant has acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney is attributable to reasons beyond the defendant's control." (Citations and punctuation omitted.) *Callaway v. State*, 197 Ga. App. 606, 607-608 (398 SE2d 856) (1990); see also *Shaw v. State*, supra at 112; *In the Interest of T. D. W.*, 229 Ga. App. 273, 275-276 (1) (493 SE2d 736) (1997); *Houston v. State*, 205 Ga. App. 703, 704 (423 SE2d 431) (1992); *Smith v. State*, 194 Ga. App. 810 (392 SE2d 288) (1990); *Burnett v. State*, 182 Ga. App. 539, 540 (1) (356 SE2d 231) (1987). "Notwithstanding a defendant's present verbal insistence upon his right not to be tried without counsel, his own past actions may nevertheless demonstrate that the right has been waived. Since a non-indigent defendant's right to counsel is predicated upon his own diligence, a failure on his part to retain counsel may constitute a waiver of the right to counsel. [Cits.]" Id.

The trial court delayed the trial proceedings to inquire as to why the defendant had not retained counsel. When the jury was selected the prior week, the defendant had informed the trial court that he could afford counsel and would have counsel at trial. At the hearing, the defendant contended that he had been unable to raise the necessary funds, but had half the fee. The trial court determined that the defendant had been warned of the risk of proceeding pro se and waived counsel through the lack of diligence in retaining counsel. The trial court further found that the absence of an attorney was not attributed to reasons beyond defendant's control. The case was indicted nearly a year prior to the actual trial and had been on the trial calendar three times previously; a public defender was appointed but was discharged at defendant's request; and defendant had been warned previously that he must hire an attorney. The trial court — *on the record* — ascertained that the defendant failed to exercise due diligence to retain counsel and was not prevented by reasons beyond defendant's control. See *In the Interest of T. D. W.*, supra at 276.

3. Defendant's third enumeration of error is that the trial court erred in determining that the defendant was not diligent in attempting to retain counsel. Such is controlled by Division 2.

4. Defendant's fourth enumeration of error is that the trial court erred in dismissing juror Barwick Hendrix. However, at the time that the trial court removed Barwick Hendrix from the jury, the defendant made no objection to preserve any potential error for the review. Therefore, any assertion of error is waived. See *Johnston v. State*, 178 Ga. App. 219, 222 (4) (342 SE2d 706) (1986); *Moore v. State*, 169 Ga. App. 24, 25 (3) (311 SE2d 226) (1983).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 16, 1998 —
RECONSIDERATION DENIED SEPTEMBER 30, 1998.

*Richard D. Phillips, Joseph C. Kitchings*, for appellant.
*Richard D. Malone, District Attorney, Jennifer E. Hildebrand, Assistant District Attorney*, for appellee.