### A99A0427. BOWEN v. THE STATE.
(516 SE2d 311)

JOHNSON, Chief Judge.

A jury found Arnold Bowen guilty of five traffic violations: driving his commercial truck in other than the two right lanes of the highway; failing to adequately secure a load; driving a truck with no working brake lights; and operating both a truck and a trailer without current license plates. OCGA §§ 40-6-52; 40-6-254; 40-8-26; 40-2-8. He appeals from the judgment of conviction entered on the verdict and the denial of his motion for new trial.

1. Bowen contends the trial court erred in instructing the jury that it could consider a videotape of the traffic stop when the videotape was not introduced into evidence. This enumeration presents no grounds for reversal.

The trial transcript shows that the videotape of the traffic stop was shown to the jury as the police officer who made the stop described events depicted on the tape. Bowen did not object to the showing of the tape or the contemporaneous testimony. The state neglected to offer the tape into evidence.

After the jury started deliberating, it asked the trial court if it could view the videotape again. Bowen objected to the viewing, arguing that the videotape had not been admitted into evidence. The trial court sustained the objection, disallowing a second viewing. The jury then asked if the "previous viewing of the tape [is] admissible as evidence." The trial court replied: "The answer is yes. They've seen it. Do you want to discuss it?" Bowen responded: "If it's not too late to object to it." The trial court said: "It is too late to object to it. They've seen it." Bowen replied: "Okay." When the trial court asked if anyone objected to the jurors being told that they could consider their previous viewing as evidence, Bowen did not voice any objection. By failing to object or reserve his right to later make exception in response

to the trial court's inquiry regarding the instruction, Bowen waived his right to seek appellate review of the instruction. See *Woods v. State*, 224 Ga. App. 52, 57 (9) (479 SE2d 414) (1996). Moreover, even if the trial court erred in instructing the jury that it could consider its earlier viewing of the tape as evidence, the evidence was cumulative, since a narrative of what was depicted on the tape was presented through the testimony of the arresting officer without objection. Any error was harmless. See *Bowe v. State*, 201 Ga. App. 127, 128-129 (2) (410 SE2d 765) (1991); see generally *Kelly v. State*, 197 Ga. App. 811, 814 (3) (399 SE2d 568) (1990).

2. Bowen claims the trial court erred in allowing the state to show the videotape at trial when the state did not list the tape in its response to his discovery motion. In the argument section of his brief, he also argues that he should have been given a copy of the original tape rather than a copy of a copy of the original.

Bowen relies upon OCGA § 17-16-4 as authority for his argument that the state was required to notify him of its intent to use the tape at trial. That statute, however, applies to felony cases. See OCGA § 17-16-2 (a), (d). In misdemeanor cases, like the case before us, the state is obligated to comply only with the discovery requirements set forth in OCGA §§ 17-16-20 through 17-16-23. Bowen has not shown that the state failed to comply with those requirements. Moreover, the state showed Bowen the videotape and gave him a copy of it 12 days before trial. We will not grant a new trial or reverse a case for error unless it is shown to be harmful. *Johnson v. State*, 234 Ga. App. 58, 60 (2) (a) (506 SE2d 212) (1998). Bowen has not shown harm.

Bowen bases his argument that he should have been given a copy from the original videotape rather than a copy from a copy of the tape on OCGA § 24-5-21. However, the statute cited applies to writings, not videotapes. *Collins v. State*, 232 Ga. App. 651, 655 (4) (502 SE2d 498) (1998). Bowen has shown neither error nor harm.

3. Bowen contends that his conviction for driving with no brake lights cannot stand because there was no proof that he intended to drive with no lights. In our view, the act of driving with no brake lights comes within that class of strict criminal liability motor vehicle safety statutes which can be violated and enforced without a showing of guilty intent on the part of the violator. See *Queen v. State*, 189 Ga. App. 161, 163 (1) (c) (375 SE2d 287) (1988); *Semones v. State*, 200 Ga. App. 3 (406 SE2d 483) (1991) (physical precedent only).

4. We do not agree with Bowen's complaint that the punishment imposed by the trial court for driving with no brake lights is excessive. The trial court fined Bowen $1,000 for the brake light violation.

At the hearing on the motion for new trial, the trial court explained that Bowen's truck, which towed a bulldozer and had no brake lights, presented a danger to other motorists. A misdemeanor traffic offense is punishable by as much as a $1,000 fine and 12 months in confinement. OCGA §§ 17-10-3 (a) (1); 40-13-26. The trial court's sentence did not exceed the limits set out in the misdemeanor sentencing statute. There was no abuse of discretion. See *Williams v. State*, 221 Ga. App. 291, 294 (2) (b) (470 SE2d 922) (1996).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 12, 1999.

Arnold Bowen, *pro se*.

*Gwendolyn R. Keyes, Solicitor, Shannon P. Lanzone, Assistant Solicitor*, for appellee.