### A99A2050. DOWNS v. THE STATE.
(524 SE2d 786)

BLACKBURN, Presiding Judge.

Michael Downs appeals, following a jury trial, from his conviction of battery, contending that there was insufficient evidence to support the conviction and that the trial court erred by: (1) denying his motion for continuance; (2) denying his motion for mistrial after statements regarding a history of violence were placed in evidence; (3) admitting hearsay statements of the victim; (4) allowing Downs' statements into evidence; and (5) improperly charging the jury with regard to its consideration of the lesser included offenses. For the reasons discussed below, we affirm.

1. We have held that

[o]n appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Eason v. State,* 234 Ga. App. 595, 596 (1) (507 SE2d 175) (1998).

Construing the evidence most favorably to the verdict, on May 30, 1997, witnesses Mike and Brittany Kelly observed Downs' car

stopped on the side of U. S. Highway 90 in Savannah with the driver's side door open. The Kellys saw Downs striking his wife, Lou Jean Downs, who fell to the ground. Ms. Downs was bleeding from cuts on her arm and leg and was bruised. When Mike Kelly asked whether everything was okay, Ms. Downs replied that things were not okay and asked the Kellys not to leave her. Downs indicated that they did not need any help. Ms. Downs asked the Kellys and witness Kathleen Jenkins what they thought of a man who would push his wife out of a car and indicated that Downs had hit her before. This evidence is sufficient to authorize the jury to find Downs guilty of battery. See *Jackson*, supra.

2. Downs contends the trial court erred by denying his motion for a continuance, arguing that the State failed to comply with discovery by submitting a supplemental list of witnesses.

"Granting or refusing a continuance is a matter within the sound discretion of the trial court, and absent a clear showing of abuse, this court will not reverse for refusing to grant a continuance." *Livingston v. State*, 266 Ga. 501, 503 (1) (467 SE2d 886) (1996); OCGA § 17-8-22.

The State filed discovery responses which included the supplemental witness list on May 12, 1998, and served the same on defense counsel via U. S. mail. However, on the day of trial, May 28, 1998, defense counsel asserted that he had not received the discovery responses and had learned of the supplemental list of six additional witnesses only the day before. It is undisputed that defense counsel had the list of witnesses, their phone numbers and a summary of their anticipated testimony the day before trial at the latest. Defense counsel requested a ten-day continuance for time to speak to the witnesses. The trial court denied the motion but gave counsel the opportunity to interview the witnesses prior to trial.

Allowing counsel to interview the newly identified witnesses is an acceptable alternative to a continuance. *Lakes v. State*, 244 Ga. 217 (259 SE2d 469) (1979). Downs did not argue to the trial court and has not shown on appeal that the interviews led to any other witnesses or evidence of which he was otherwise unaware. He has not argued any harm as a result of the denial of the continuance. We do not find an abuse of discretion by the trial court under these circumstances. See id.; *Price v. State*, 223 Ga. App. 185 (3) (477 SE2d 353) (1996).

3. Downs raises as error the trial court's denial of his motion for mistrial after testimony regarding previous incidents of abuse was allowed into evidence. Kathleen Jenkins tended to Ms. Downs' injuries by the roadside on the night of the battery. Jenkins testified that Ms. Downs, who was crying, explained that she and her husband had been fighting and generally discussed his previous abuse of her.

The trial court properly admitted this testimony as part of the

res gestae. "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." OCGA § 24-3-3. In this case, the statements of Ms. Downs at the scene were closely connected in time to the incident and appear spontaneous, voluntary, and free from deliberate design. See *Sims v. State*, 234 Ga. App. 678, 681 (2) (507 SE2d 845) (1998). The statements were admissible.

With regard to Downs' argument that this testimony placed his character in evidence,

> [s]urrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. No error is committed by admitting such evidence as part of the res gestae even though it may incidentally have placed appellant's character in issue.

(Citation and punctuation omitted.) *Samples v. State*, 234 Ga. App. 8, 10 (1) (a) (505 SE2d 813) (1998). The trial court did not abuse its discretion by admitting the testimony, so the motion for mistrial was properly denied.

4. Downs argues that the trial court improperly admitted hearsay by allowing Debbie Crawford, Ms. Downs' daughter, to testify regarding statements made by Ms. Downs about the incident. At trial, Ms. Downs asserted marital privilege and did not testify. However, Crawford testified that shortly after Downs' preliminary hearing, Ms. Downs had told her that Downs had struck her that night by the car; that she was glad that someone had reported it; and that she was glad the charges were brought because she did not feel she could do so. Over defense counsel objection, the testimony was admitted under the necessity exception to the hearsay rule.

> In order to admit hearsay statements under the necessity exception, two prerequisites must be satisfied: (1) there must be a necessity for admitting the out-of-court statement, and (2) there must be a guarantee of the trustworthiness of the statement which the law will consider a substitute for the oath and cross-examination.

*Smith v. State*, 266 Ga. 827, 830 (4) (470 SE2d 674) (1996).

(a) Our Supreme Court recently held that

> [t]o satisfy the requirement that the hearsay be "necessary," in addition to showing the hearsay declarant's unavailability due to death, privilege, or other reason, the proponent of

the hearsay must also show "that the statement is relevant to a material fact and that the statement is more probative on that material fact than other evidence that may be procured and offered." *Chapel v. State,* [270 Ga. 151, 155 (4) (510 SE2d 802) (1998)].

*Clark v. State,* 271 Ga. 6, 10 (5) (515 SE2d 155) (1999).

The necessity prerequisite was satisfied by the State. Ms. Downs, the victim, was an essential witness to the incident and unavailable to testify due to her assertion of marital privilege. See *Higgs v. State,* 256 Ga. 606, 608 (4) (351 SE2d 448) (1987); *Lane v. Tift County Hosp. Auth.,* 228 Ga. App. 554, 559 (2) (492 SE2d 317) (1997). Her statement that Downs had struck her was relevant to the charge of battery and was more probative on that fact than the statements of the Kellys.

(b) With regard to the second prerequisite, the declaration of an unavailable witness is admissible when it is "surrounded by particularized guarantees of trustworthiness, that is, whether there is something present which the law considers a substitute for the oath." (Punctuation omitted.) *Clark,* supra. We look at the totality of the circumstances in which the statements were made. Id.

Crawford testified that her relationship with her mother was not always close but that it varied. Although Ms. Downs and Crawford had discussed previous incidents of abuse by Downs, Ms. Downs often denied any abuse. Ms. Downs did not discuss this incident with Crawford until the preliminary hearing. Yet, at the preliminary hearing, Ms. Downs contradicted that discussion and denied that Downs had struck her. Again, on the day of trial, Ms. Downs contradicted the statements to Crawford when she testified outside the presence of the jury that she did not want to testify against her husband and that he had not struck her. We find that the circumstances surrounding Ms. Downs' statements to her daughter offer no guarantee of trustworthiness, and the trial court erred by admitting the hearsay testimony.

However, the admission of the hearsay testimony was harmless error because it was cumulative of other properly admitted evidence that Downs had struck Ms. Downs that evening by the roadside. *Clark,* supra; *Tucker v. State,* 228 Ga. App. 321, 322 (1) (a) (491 SE2d 420) (1997). See Divisions 1 and 3.

5. Downs contends that the trial court erred by denying his motion to suppress and admitting into evidence his oral statements made in the police cruiser. Prior to trial, Downs had requested the State's records of statements by him pursuant to OCGA § 17-16-22. The State failed to provide any summary of the oral remarks made by Downs while in the police cruiser. See id. At trial, Officer Joseph

Toth testified that Downs cursed at him throughout the trip to the Chatham County jail.

Pretermitting whether the admission of the statements was error, Downs has not shown harm as a result. The statements were relevant to disorderly conduct charges also brought against Downs, but the trial court granted a directed verdict to Downs on those charges. He has not shown how, if at all, the statement that he was cursing affected the conviction of battery. "We will not . . . reverse a case for error unless [the error] is shown to be harmful. *Johnson v. State*, 234 Ga. App. 58, 60 (2) (a) (506 SE2d 212) (1998). [Downs] has not shown harm." *Bowen v. State*, 237 Ga. App. 597, 598 (2) (516 SE2d 311) (1999).

6. Downs next contends the trial court erred in its charge to the jury regarding the lesser included offenses of simple battery and simple assault. " '[T]he charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same.' " *Redd v. State*, 232 Ga. App. 666, 667 (2) (b) (502 SE2d 467) (1998).

The trial court charged the jury on all three offenses and further instructed the jury,

> you basically are going to have to make a determination based on the three different crimes which I have read you the instructions on. Basically, it will be battery, simple battery, and simple assault, and you will have to make a determination regarding . . . whether or not the Defendant committed those crimes and it has been proven beyond a reasonable doubt, which is the burden and the standard that has to be applied. In that event you would fill in the word "guilty" and put in the charge that you find him guilty of. If you find him not guilty, all you have to do is write in the words "not guilty."

During deliberations, the jury asked whether it needed to consider the lesser included offenses of simple battery and simple assault if it found Downs guilty of the higher charge. The trial court responded, "No." The jury returned a verdict of guilty of battery, writing on the verdict form that it had not considered the lesser included offenses.

The trial court found that the verdict was ambiguous. The trial court instructed the jury that it must consider all three charges, but that it could find Downs guilty of any one of the three or not guilty on all three charges. The trial court then prepared a clean verdict form for the jury. After additional deliberation, the jury returned a verdict of guilty of battery.

Looking at the charge as a whole, the original charge properly instructed the jury with regard to its obligations. After that, the jury may have been confused about how to treat the lesser included offenses, but the trial court clarified its instruction. Through its supplemental instruction and revision of the verdict form, the trial court made certain that the jury understood it was to consider all three offenses in its deliberation. " 'We do not believe that the charge as a whole would mislead a jury of average intelligence.' " *Redd*, supra.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 8, 1999.

*C. Jackson Burch*, for appellant.

*Spencer Lawton, Jr., District Attorney, Samantha Glaudel, Assistant District Attorney*, for appellee.